JAMES E. STAUNTON *vs.* JACOB W. SMITH.

*Replevin—Contract—Conditional Sale—Note of Different Date—*
*Another Note Subsequently Given—Payment or Renewal*
*of Original Note—Conflicting Testimony.*

   1.   A certain instrument in writing made by the plaintiff and de-
fendant held to be a conditional sale of the property therein mentioned.
   2.   It is of no consequence when, or for what purpose, the note was
originally made, if both parties agree that it is the note referred to in the
agreement.   The jury should treat it precisely as if it bore even date with,
and was made at the same time as the agreement, and for the sole pur-
pose stated therein.
   3.   It is for the jury to say, under the evidence, whether another
note given by the defendant to the plaintiff was given and accepted in
payment or renewal of the note originally given.
   4.   Where the testimony is conflicting the jury should reconcile it if
possible, but if this cannot be done, they should accept that part of it
which they deem worthy of credit, and reject that which they deem un-
worthy of credit, having due regard to the intelligence or ignorance and
impartiality or bias of the witnesses, and their opportunity to know the
facts to which they testify.

(*December* 10, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Leonard E. Wales* for plaintiff.

*Julian C. Walker* for defendant.

Superior Court, New Castle County, November Term, 1906.

ACTION OF REPLEVIN (No. 37, May Term, 1906).

SPRUANCE, J., charging the jury:

   Gentlemen of the jury:—This is an action of replevin brought
by the plaintiff, James E. Staunton, against the defendant,
Jacob W. Smith, for the recovery of the possession of one sorrel
horse and one gray horse, which the plaintiff alleges the defen-
dant unlawfully took from him before the writ of replevin in
this action was issued.

   It appears from the return of the sheriff—endorsed on said
writ, and not denied—that under said writ, he replevied both
of the said horses, and that he delivered one of them, the sorrel,

to the plaintiff, and that he left the other, the gray, in the possession of the defendant, upon his claim of property therein, he giving a property bond for the same.

On the seventeenth of January, 1906, the defendant, Smith, and the plaintiff, Staunton, made and executed, in duplicate, the following written argreement in reference to the said two horses:

"This article of agreement, made this 17th day of January, A. D. 1906, between Jacob W. Smith of Hockessin, Delaware, of the first part and James Staunton of Wilmington, Delaware, of the second part in manner and form following to wit, the party of the first part hath hired to the pary of the second part two horses from the 20th day of December, 1905, to the 14th day of March, 1906, for the sum of one hundred and twenty dollars the receipt of which is hereby acknowledged by the party of the second part giving his note the same to fall due on the said 14th day of March, 1906, now the conditions of this agreement is such that if the party of the second part does well and pay said note when the same falls due then the said party of the second part is to be the owner of said horses but it is expressly agreed and understood that the party of the first part is to be the owner of said horses until the above conditions are complied with and the party of the second part is not to sell or dispose of said horses any time before said conditions are complied with.

"In witness whereof both parties have hereunto signed their names and affixed their seals this 17th day of January in the year of our Lord one thousand nine hundred and six.

"JAMES E. STAUNTON, seal
"JACOB W. SMITH,      seal."

It is the duty of the Court to interpret written instruments, and it is the duty of the jury to accept such interpretation as true. This instrument is, in law, a conditional sale of the said horses by Smith to Staunton.

By this instrument the right of possession of said horses was vested in Staunton until he should fail to perform the condition of sale, viz., the payment or satisfaction of the note of one hundred and twenty dollars, therein mentioned, on or be-

fore the fourteenth of March, 1906, when said note became due; and upon the performance of said condition by Staunton, on or before the fourteenth of March, 1906, the said horses would become his property.

The title or ownership of said horses was to remain in Smith until the performance by Staunton of said condition, and upon the failure of Staunton to perform said condition, on or before the fourteenth of March, 1906, Smith would have the right to take said horses from the possession of Staunton, unless the time for the performance of said condition should be extended or waived by agreement between the parties.

The following promissory note, made by Staunton and endorsed by Smith, is in evidence:

"Avondale, Pa., Jan'y 10th, 1906.  $120.00.  On the fourteenth day of March next ensuing, I, we or either of us, promise to pay to the order of Jacob W. Smith at the National Bank of Avondale, one hundred and twenty dollars, without defalcation, for value received.

"JAMES E. STAUNTON."

You will observe that this note is dated January 10, 1906, while the said agreement is dated January 17, 1906, and there is some conflict of testimony as to when and for what purpose said note was originally made, but as both parties agree that this is the note referred to in said agreement, it is of no consequence when or for what purpose said note was originally made; and you should treat it precisely as if it bore even date with, and was made at the same time as the said agreement, and for the sole purpose stated in said agreement.

Smith had this note discounted on his own account, at the said Avondale bank, before it became due. Afterwards, on March 10, 1906, Staunton paid to Smith, through the latter's wife, thirty dollars on account of said note. On March 13, 1906, Staunton made and delivered to Smith the following note:

"Avondale, Pa., March 13, 1906.          $95.00. On the thirteenth day of June next ensuing, I, we or either of us, promise to pay to the order of Jacob W. Smith at the National

Bank of Avondale, ninety-five dollars, without defalcation, for value received.

"JAMES E. STAUNTON."

There is some controversy as to whether this last mentioned note was signed and delivered in blank, but this is of no consequence, as Smith testified that it was filled out as it now is when he received it from Staunton, and Staunton by paying it recognized its validity.

On March 13, 1906, the day before said note of one hundred and twenty dollars became due, Smith had said note of ninety-five dollars discounted at said bank, and with the net proceeds thereof, ninety-three dollars and fifty cents, and twenty-six dollars and fifty cents then paid in cash, the said note of one hundred and twenty dollars was paid. Afterwards, on or about May 18, 1906, and before the said note of ninety-five dollars became due, Staunton paid the same to said bank and it was thereupon surrendered to him. On March 14, 1906, the day when said note of one hundred and twenty dollars became due, Smith took said horses from the possession of Staunton.

To entitle the plaintiff to recover, it must be shown to your satisfaction that he, and not the defendant, was entitled to the possession of said horses, or one of them, on the twenty-ninth of March, 1906, when the writ of replevin was issued.

If, as claimed by Staunton, the said note of ninety-five dollars was given by him and accepted by Smith, in payment or renewal of the balance of said note of one hundred and twenty dollars, this (in the absence of an agreement of the parties to the contrary) operated as a discharge of the condition of said agreement, or as an extension of the time for its performance, until the thirteenth of June, 1906, when said note of ninety-five dollars became due; and until that time, Staunton, and not Smith, had the right to the possession of said horses; and upon the payment of said note of ninety-five dollars before its maturity he would become the owner of said horses.

It is claimed by Smith that the said note of ninety-five dollars was not given to, or accepted by him in payment or re-

newal of the balance of said note of one hundred and twenty dollars, but that it was given to, and accepted by him for horse hire owing to him by Staunton.

You are to determine from the evidence this and all other controverted questions of fact, bearing in mind, however, that the said written agreement of January 17, 1906, speaks for itself, and is to be taken as binding upon both the parties, without qualification by any evidence as to the dealings, negotiations or conversations between them prior to, or at the time of the making of said agreement; and that neither party to said agreement had the right to annul, alter, change or qualify the same without the consent of the other party.

Your verdict should not be influenced in any way by the suggestions which have been made, that the horse delivered by the sheriff to the plaintiff was afterwards taken from him on a claim of ownership by, or on behalf of some third person. In this case we can try only the question of ownership or right of possession between the plaintiff and the defendant.

Where the testimony is conflicting, you should reconcile it if possible, but if this cannot be done, you should accept that part of it which you deem worthy of credit, and reject that which you deem unworthy of credit, having due regard to the intelligence or ignorance and impartiality or bias of the witnesses, and their opportunity to know the facts to which they have testified.

Your verdict should be for that party in whose favor is the preponderance of the evidence.

The plaintiff does not ask for a verdict for the return of the horses, or either of them, but claims damages for their unlawful taking and detention. If you find from the evidence that the plaintiff was entitled to the possession of said horses at the time of the issuing of said writ of replevin, your verdict should be for the plaintiff, for the value of the horse not delivered to him by the sheriff, with interest thereon to the present time, and also nominal damages for the unlawful taking and detention of the other horse.

Verdict for plaintiff for $55.