GREGORY, TILTON & CO. *v.* THOMAS GLEED.

*Guaranty.    Consideration.    Maintenance and Champerty.    Variance.    Supreme Court.*

The leaving of a demand in the hands of an attorney to control and collect is a legal and sufficient consideration for a cotemporaneous guaranty of the claim by the attorney.

Such a guaranty is not void as savoring of maintenance or champerty.

The consideration of a guaranty need not appear upon its face, but may be shown even by parol.

An objection founded on an alleged variance between the proof and the declaration in respect to the consideration of the contract declared upon, if not made in the county court, is not available in the supreme court.

Assumpsit upon a guaranty. Plea, the general issue, and trial by the court, at the December Term, 1859, in Lamoille county,—Aldis, J. presiding. The facts in the case are sufficiently stated in the opinion of the court.

The county court decided that there was sufficient consideration for the guaranty, and rendered judgment for the plaintiffs for the amount of the debt guarantied with interest. To the decision of the court that there was a sufficient consideration for the guaranty the defendant excepted.

The defendant, *pro se.*

*Child & Benton,* for the plaintiffs.

Kellogg, J. It appears from the exceptions in this case that, on the trial in the county court, the plaintiffs introduced testimony tending to show that on the 1st of January, 1857, one Jonathan C. Burnett was indebted to them for goods previously sold by them to him, in the sum of seven hundred thirty-two dollars and forty-four cents, and that one Jesse Kimball, the agent of the plaintiffs, being informed that Burnett was likely to fail, called upon him on that day to obtain security for the debt; that Burnett called in the defendant, and offered to give to the plaintiffs the guaranty of the defendant for the debt, which proposition was accepted by Kimball for the plaintiffs ; that thereupon the defendant wrote, signed, and delivered to Kimball a guaranty in the words following, viz : " I, Thomas Gleed, of Morristown, in Lamoille county, state of Vermont, hereby guarantee and agree that in case of any difficulty or failure in the circumstances of Jonathan C. Burnett of said Morristown, merchant, that all demands due to the firm of Gregory, Tilton & Co., from said Burnett, shall be secured and paid, said demands being under my control as attorney for said Gregory, Tilton & Co. For

Gregory, Tilton & Co. *v.* Gleed.

value received. Dated Morristown, January 1st, 1857 " ; and that Kimball, as agent of the plaintiffs, then and there took said guaranty, and left the demand of the plaintiffs against Burnett for the said seven hundred thirty-two dollars and forty-four cents in the hands of the defendant and subject to his control ; and that the leaving of said demand with the defendant, and the execution of said guaranty by him, were connected with each other, and were simultaneous acts, and a part of one and the same transaction. It appeared that Burnett, a few weeks after that time, failed in business. So far as this testimony was controverted by the defendant, the finding of the county court was in favor of the plaintiffs ; and the questions which arise in the case are to be considered in the light of the facts which the testimony tended to establish. We exclude from this statement of the case all the testimony stated in the bill of exceptions respecting the payment of one dollar to the defendant as the consideration, either entire or in part, for the defendant's guaranty, because the issue arising on the testimony on that point was decided in favor of the defendant, and the plaintiffs' claim must be supported, if at all, upon those facts which were established either upon uncontroverted testimony or by the finding upon that part of the testimony which was disputed. Upon these facts the county court decided that there was a sufficient consideration for the guaranty, and the defendant excepted to that decision.

A consideration of some kind is essential to the validity of every contract, but it need not be in money nor convertible into money. The intrusting a person with property on the faith of his promise to act in a certain way in reference to it is a sufficient legal consideration, in case he accepts and enters upon the performance of the trust, to hold him to his undertaking or promise in respect to it. A mere naked or gratuitous promise will not of itself create any legal liability, but the confidence induced by undertaking any service for another is a sufficient legal consideration to create the duty to perform the undertaking. Questions involving this principle usually arise in the case of bailments, and the principle, as stated, is well settled ; Chitty on Con. 339 ; 1 Parsons on Con. 372. In *Robinson* v. *Threadgill*, 13 Ired. (N.C.) 39, it was held that where the defendant received certain notes

from the plaintiff to collect or return, the delivery of the notes to the defendant constituted a sufficient legal consideration for his agreement. In *Flagg* v. *Upham*, 10 Pick. 147, it was held that where a note, given by a partner for his individual debt in the name of the firm, was delivered by the payee to the defendant, the other partner, to secure it by an attachment in the name of the payee, upon the defendant's guaranteeing the payment of it, there was a sufficient consideration to support the contract of guaranty. In accordance with the principle of these authorities, we think that the leaving by the plaintiffs' agent, of their demand against Burnett, in the hands and under the control of the defendant as their attorney, was a legal and sufficient consideration for the defendant's contract of guaranty, if in fact it was *the* consideration upon which that contract of guaranty was executed. It was expressly found by the county court in this case, that the leaving of the demand against Burnett with the defendant, and the execution of the guaranty by him, were simultaneous acts, and a part of one and the same transaction; and it is a necessary conclusion from this finding, that those acts were not separate and independent, but were connected with, and had reference to, each other, so as to be mutually dependent each upon the other. The defendant's guaranty declaring as it does, that it was made "for value received," furnishes *prima facie* evidence that it was made for *a* sufficient consideration, and the decision and judgment of the county court involve not merely the conclusion of law that, upon the facts found, there was *a* legal and sufficient consideration for it, but they also, by logical necessity, include and involve as a conclusion of fact the finding that this consideration was *the* consideration upon which that guaranty was executed. The adequacy of the consideration is not a subject for examination, if in fact a legal consideration existed,—the law leaving the parties to the free exercise of their own judgment in that respect.

It is claimed by the defendant that the consideration of the contract of guaranty should appear from the contract itself, and that the county court erred in admitting parol testimony to prove the consideration. This principle was established in the English courts as a rule of construction under the fourth section of the statute of frauds, relating to contracts to answer for the debt,

default, or miscarriage of another, and is independent of the common law rule of evidence, that parol testimony is not admissible to supply the defects of, or add to, a written contract. This rule was fully established, to the extent claimed by the defendant, in the leading English cases of *Wain* v. *Warlters*, 5 East 10, and *Saunders* v. *Wakefield*, 4 B. & A. 595, (6 E. C. L. R.,) and has been adopted in several of our sister states. But, as stated in 3 Kent's Com. 122, note, " the weight of American authority does not coincide with the rule," and it never was recognized in this state. The rule is now abrogated in England by a recent statute, (19 & 20 Vict. c. 97, s. 3,) and the cases of *Smith* v. *Ide*, 3 Vt. 290, and *Patchin* v. *Swift et al.*, 21 Vt. 292, and *Troy Conf. Academy* v. *Nelson*, 24 Vt. 189, are decisive authorities in this court against it ; and it is perfectly settled in this state, that a consideration for a guaranty need not appear upon the face of the instrument itself, but it may be shown by other evidence, and even by parol evidence.

It is contended, on the part of the defendant, that his contract of guaranty was void as savoring of maintenance or champerty, but we do not find, either in the contract or in the facts which appear in the case, any element of either offence, according to the recognized definitions of those terms.

No question has been made in the county court, or in this court, in respect to the sufficiency of the plaintiffs' declaration, or to the identity of their debt against Burnett, therein mentioned, with that described in the defendant's guaranty, or to the propriety of declaring upon the defendant's undertaking in the contract of guaranty as upon an absolute promise to pay that debt. The exceptions taken by the defendant being for other cause than variance between the pleadings in the suit and the evidence given on trial, this court is authorized by the statute, (Comp. Stat., p. 225, sec. 46,) in case any such variance shall now be found to exist, which is not material to the substantial merits of the case, in its discretion, either to disregard such variance, or to direct an amendment of the declaration, correcting it on such terms as shall be deemed reasonable, and to render judgment in the case in the same manner as if no such variance had existed. An objection founded on an alleged variance between

the proof and the declaration, in respect to the consideration of the contract declared upon, if not made in the county court, falls within the terms and spirit of this statute, and ought not to be treated as available when made for the first time in this court.

The exception taken by the defendant to the decision of the county court allowing the witness Kimball to refer, for the purpose of refreshing his money, to a letter written by him to the plaintiffs, having been waived on the hearing, has not entered into our consideration of this case.

The judgment of the county court in favor of the plaintiffs is affirmed.