# B. F. HAMILTON v. J. A. GRAY.

OCTOBER TERM, 1894.

*Champerty. Agreement to collect claim for one-half recovery. Evidence.*

1. A champertous agreement is void and not enforceable in this state.

2. An agreement to receive and collect certain notes for one-half of what may be collected is champertous.

3. The question being whether the sum claimed by the plaintiff for serving a writ as deputy sheriff was more than the legal fees, the defendant may be asked on cross-examination whether he knows any reason why that charge is not correct.

4. As tending to show that the plaintiff was entitled to recover his fees for attending as a witness in a suit of the defendant, the clerk's taxation of the defendant's costs in that suit, in which the attendance of the plaintiff was taxed, is admissible.

General assumpsit. Pleas, the general issue, payment, and offset. Trial by jury at the February term, 1894, Orleans county, ROWELL, J., presiding. Verdict for the plaintiff and judgment thereon. The defendant excepts.

The plaintiff claimed to recover, among other things, twenty dollars for services in collecting a note against one P. Morey. In reference to this item his testimony tended to show that he had made a contract with the defendant to collect certain notes, he to receive one-half of what might be

collected by way of compensation therefor. Among these notes was the note of said Morey for one hundred twelve dollars and sixty-seven cents. The plaintiff began suit upon this note in the name of the defendant, which Morey resisted upon the ground that the claim was barred by the statute of limitations. Subsequently the defendant settled the case with Morey for forty dollars, and the plaintiff claimed to recover one-half of this sum. He testified that he made no claim in respect to said note, except by virtue of the aforesaid contract.

This contract was in writing, and was as follows:

"This is to certify that I have this day put into the hands of B. F. Hamilton, deputy sheriff, the following notes for collection, which I agree to take one-half of the amount he may get on any or all said notes and release him from the same; and the said Hamilton is to make no charge to me for collecting them only the one-half he may collect.

"MORGAN, VERMONT, May 29th, 1886."

(Then follows a list of seventeen claims against different persons, among which are the following):

E. B. Peckham, $9.74.

P. Morey, $112.67.

Royal Moody, $149.57.

"N. B. The said Hamilton has power from me to settle any of the above notes to the best of his judgment, and I am to take one-half of what he gets and release him from the same.          J. A. GRAY."

"Received of J. A. Gray the following notes which I agree to try and collect to the best of my ability, and am to have one-half of all I get on them, and have the power to settle any of them as I think best, and the said Gray hereby agrees to take one-half of what I get and discharge me from the same.          B. F. HAMILTON.

"MORGAN, VT., May 29th, 1886."

The other questions raised sufficiently appear in the opinion.

*Dickerman & Young* for the defendant.

The contract under which the plaintiff claims to recover in respect of Morey note was champertous, and no recovery can be had upon it. 2 Bacon's Ab., 183 ; 2 Bl., Com., 135 ; 4 Kent's Com., marginal page 447 and note d ; 1 Repal. L. Dic., 192 ; 1 Bouvier's L. Dic., 250 ; *Stanley* v. *Jones*, 7 Bing. 369 ; *Stevens* v. *Bogwell*, 15 Vesey 139.

A champertous agreement cannot be supported either in law or equity. 2 Bacon's Ab., 187 ; *Arden* v. *Patterson*, 5 Johns Ch. 44 ; *Merritt* v. *Lambert*, 10 Paige Ch. 352 ; *Re Blakely*, 5 Paige Ch. 311 ; *Knox* v. *Martin*, 3 N. H. 154 ; *Martin* v. *Clark et al.*, 8 R. I. 389 ; *Lathrop* v. *Amherst Bank*, 9 Met. 489 ; *Ackert* v. *Barker*, 131 Mass. 436 ; *Laney* v. *Havender*, 146 Mass. 615 ; *Nickels* v. *Kane*, 82 Va. 309.

*E. A. Cook* for the plaintiff.

The contract in issue was not champertous in this state. Our statute provides what is champerty. R. L., chap. 200 ; *Danforth* v. *Streeter*, 28 Vt. 490.

In order to render a contract champertous the subject matter of it must be a suit either in existence or in contemplation. 3 Am. & Eng. Enc., 69 ; *Danforth* v. *Streeter*, 28 Vt. 490.

TAFT, J. Champerty is an agreement between the owner of a claim and a volunteer that the latter may take the claim and collect it, dividing the proceeds with the owner, if they prevail—the champertor to carry on the suit at his own expense. This doctrine is based upon the ground that no encouragement should be given to litigation by the introduction of a party to enforce those rights which the owners are not disposed to prosecute. The agreement in this cause is fully within the definition above given. The plaintiff took the claims under an agreement with the defendant to divide between them all that could be collected.

He was to be at the expense of collecting the claims, making no charge to the defendant for so doing. It is argued by the plaintiff that the subject matter of a champertous agreement must be a suit, or that one must be in contemplation. Conceding this to be true, we think a suit to enforce the claims fairly within the contemplation of the parties to the agreement. The plaintiff took the claims for collection, and under the agreement he had the right to bring suits, if necessary, to collect the claims, and it is fair to infer the parties had in mind that in the collection of a large number of evidently poor, and some outlawed, claims, suits would become necessary. A champertous agreement was void at common law, and we think the common law as to champerty is in force in this state. It is applicable to our situation and circumstances, and not repugnant to the laws. R. L., s. 689.

The subject of champerty has been referred to in several cases in our reports, *Danforth* v. *Streeter*, 28 Vt. 490; *Gregory* v. *Gleed*, 33 Vt. 405; *Dorwin* v. *Smith*, 35 Vt. 69; but in none of these cases were the agreements champertous, there being no element of the offence in any of the contracts involved in the litigation. In *Dorwin* v. *Smith*, the contract was between parties who had a mutual interest in the result of the suit. In *Gregory* v. *Gleed*, the contract was a guaranty by an attorney that he would pay the claim if placed in his hands for collection. In *Danforth* v. *Streeter*, Redfield, J., discusses the doctrine to some extent, and says that he is reluctant to believe that the common law offence of champerty had been adopted as part of the law of this state, but adds "there are probably other things—than the sale of a chose in action—coming more nearly to the idea of the common law definition of champerty, such as carrying on suits for a share of the avails, and thereby increasing litigation which the law will still regard as champertous and not countenance." The case then under consid-

eration was the sale of a chose in action, in suit at the time of the sale, and there was no occasion for the discussion of the rule as to champerty.

The case at bar is strictly within the statement of the case that Redfield, J., intimates may still be regarded as champertous and not countenanced, viz., carrying on suits for a share of the avails.

The words "purchase" and "sale" have been indiscriminately used in connection with the term "champerty," and such use has bred confusion in the books. As above stated, champerty is an agreement by one to take a suit or claim, and at his own expense gather in the spoils, dividing them with the owner. It does not imply a purchase; the word "purchase" means to buy by paying a price, and implies a payment. *Curtis* v. *Burdick*, 48 Vt. 166. A purchase is that which is obtained for a price in money or its equivalent. Web. Dic.

The doctrine of champerty was fully recognized and applied in *Wright* v. *Whithead*, 14 Vt. 268, in which case the court, by Williams, C. J., said:

"The orator purchased this suit under an agreement to divide whatever sum should be recovered. If he succeeded he was to pay one hundred and fifty dollars; if he failed he was to pay nothing. This was a species of champerty or maintenance which cannot be countenanced in a court of equity."

We have here the same misuse of the word "purchase," for the party made no purchase of the claim; he paid nothing for it, but took a conveyance of it, and agreed to pay one hundred and fifty dollars if he recovered, and was to pay nothing if he failed. The rule is the same at law as in equity.

The contract under consideration being champertous and void, no recovery can be had under it. The other questions arising upon this branch of the case become immaterial, and are not passed upon.

There are two other questions in the case. One item in the plaintiff's specifications is the sum of two dollars and eighty cents ($2.80), his fees as deputy sheriff for serving a writ in favor of the defendant against one Caswell. The question at issue was, whether the sum charged was more than the legal fees for the service. The only point reserved was the objection made to a question in cross-examining the defendant. He was required to answer whether he knew any reason why the fees of two dollars and eighty cents ($2.80) as charged was not correct. His answer was that he did not.

The plaintiff had the right to examine the defendant under the rules applicable to the cross-examination of witnesses. R. L., s. 1009. There was no error in requiring the defendant to state that he knew nothing upon the subject. If he did know aught in relation to it, the plaintiff had the right to have him state it. It logically follows then that he had the right to inquire of the defendant if he did know anything in regard to the matter.

Another item claimed by the plaintiff was one dollar and sixty cents ($1.60), for his attendance as a witness in a suit in favor of the defendant against one Howard. The question reserved in relation to this item was whether the clerk's taxation of costs in the suit, which included the attendance of the plaintiff as a witness, was admissible in evidence. The fact that the fees for the attendance of the plaintiff as a witness were taxed in behalf of the defendant had a tendency to show that the plaintiff did attend as a witness, and the evidence of the taxation was properly admitted.

Although it did not appear in the case that neither the defendant nor his counsel were present at the taxation, nor that the notary before whom the voucher of the plaintiff's attendance was sworn to was in anyway connected with the case, we presume the taxation was made with the defendant's knowledge. The defendant had the benefit of it, and

he cannot now say that the taxation is no evidence of the fact which was the very basis of including the claim in the taxation.

*Judgment reversed and cause remanded.*