## Batteiger v. Pennsylvania Company, Appellant.

*Lost property—Rights of finder—Railroads—Remedy.*

Where a passenger on a railroad train finds a purse containing money on the seat of a passenger car, and there is nothing to show that the purse was involuntarily lost, or temporarily mislaid, and the real owner after proper advertisement cannot be found, the finder will be entitled to the money; and if he has delivered it to the railroad company and the latter has refused to return it to him, he may maintain an action of assumpsit against the company to recover the money.

Argued May 8, 1916. Appeal, No. 116, April T., 1916, by defendant, from judgment of C. P. Mercer Co., Oct. T., 1913, No. 45, on verdict for plaintiff in case of C. H. Batteiger v. Pennsylvania Company. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to compel the return of money found by plaintiff and given into the custody of the defendant. Before HOLT, P. J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $85.24. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. P. Whitla,* for appellant, cited: McAvoy v. Medina, 11 Allen (93 Mass.) 548; Kincaid v. Eaton, 98 Mass. 139; Deaderick v. Oulds, 86 Tenn. 14.

*W. C. Pettit,* for appellee.—The finder was entitled to the purse and money: Tatum v. Sharpless, 6 Philadelphia 18; Kuykendall v. Fisher, 8 L. R. A. (N. S.) 101; Durfee v. Jones, 11 R. I. 588; Hamaker v. Blanchard, 90 Pa. 377.

OPINION BY ORLADY, P. J., July 18, 1916:

On March 9, 1913, the plaintiff, upon entering the smoking car of a passenger train of the defendant company, noticed upon a seat he was about to occupy, a book or purse which he picked up, and believing it had been overlooked by one of two passengers who left the train at that station, notified the conductor of the fact and handed the package to him to be delivered to the rightful owner. Not finding him before the train started, the plaintiff and conductor examined the book and found it to contain $83.23 in money, but nothing to identify

the owner. The conductor handed the book and contents to the ticket agent at Greenville, who in turn deposited it with the treasurer of the company. Advertisements were published in local newspapers at Greenville and Erie, but no person made claim for it.

On June 25th, following, the plaintiff brought this action of assumpsit, having first demanded the return of the pocketbook and contents, and on trial before a jury, recovered a verdict.

Neither plaintiff nor defendant claim to be the owner of the book or contents; the question for decision being, which of the parties is entitled to the possession of the property.

The rule of law in this case is not clearly defined, owing to possible inferences to be drawn from the facts in special cases, and refined distinctions are often made to determine whether the article found has been lost, or mislaid by the owner. The subject has been considered by many judges, and the general rule appears to be that "Goods are lost in legal sense of the word, only when the possession has been casually and involuntarily parted with, as in the case of an article accidentally dropped by the owner. If the owner of an article purposely lays it down, intending to take it up again immediately, and he forgets it, and leaves it where it is laid (e. g. a purse left on the counter of a shop), or if he lays it away and then forgets where he puts it, such article is not lost, but merely mislaid, and therefore the incidents of lost goods do not attach,—and further, that the place where an article may be found will not affect the doctrine, that the finder has a valid claim to it as against all the world, except the true owner, though the place may be a material fact in determining whether the article has been lost in the legal sense of the term: 19 Am. & Eng. Enc. of L., Lost Property.

The facts in this case do not aid us in drawing any satisfactory conclusion, as to whether this purse was lost or mislaid, even if such a distinction would be necessary

to be made. It was found by a passenger in a conveyance to which the traveling public was invited, and, in a place accessible to all classes of persons, and for the occupancy of any one liable to use it. The finder, as to this article, was not the servant of the owner of the public vehicle, and there is nothing to indicate whether it was involuntarily lost, or temporarily mislaid by the real owner, or designedly placed by an alarmed thief, where it would likely be found, and who thus sought to relieve himself of its possession, from compunction of conscience or fear of detection, or, to pass it on to a confederate who was interrupted by the presence of the finder. The real owner has not claimed it, after the public has been notified through the usual channels, that he should come forward and prove his title to the property. So far as this case is concerned, he must be treated as having lost his purse, and cannot urge that the carrier has not discharged its duty to him. Should he appear, and make good his title, the party who has possession of the purse is the proper defendant to answer:

Ever since the case of Armory v. Delamire, 1 Strange 505, 1 Sm. Leading Cases 471, where it was held that the finder of a jewel might maintain trover for the conversion thereof by a wrongdoer, the right of the finder of lost property to retain it against all persons except the true owner has been recognized. This case has been uniformly followed in England and America, and the law upon this point is well settled: Danielson v. Roberts, 64 L. R. A. 526; Iowa v. Hayes, 37 L. R. A. 116 and notes; Huthmacher v. Harris, 38 Pa. 491; Tancil v. Seaton, 28 Grabt. 601, s. c: 26 Am. Repts. 380; Bowen v. Sullivan, 62 Ind. 281, s. c. 30 Am. Repts. 172.

Where the finder of a lost article has delivered it to a third person to be kept for the owner, or for the finder in case the owner does not claim it, the finder, on the refusal of the bailee to return the article may recover it, if no claim has in the meantime been made by the true owner: 19 Am. and Eng. Enc. of L. 580, and cases cited.

Hamaker v. Blanchard, 90 Pa. 377, relied on by the trial judge fully sustains the conclusion he reached, and that assumpsit is the proper form of action under the facts.

The railroad company, in whose possession the lost purse now is, as bailee of the plaintiff, owed to the real owner no higher or greater duty than the plaintiff. The, law fixes the responsibility of each to account to the real owner for the found article. The case was properly decided by the trial judge in his opinion filed.

The judgment is affirmed.