IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| ABIGAIL JANE DAVIS, | ) | |
| | ) | |
| Plaintiff Below/Appellee, | ) | |
| | ) | |
| v. | ) | C.A. No.: CPU5-15-001209 |
| | ) | |
| BRANDI BUTLER, | ) | |
| | ) | |
| Defendant Below/Appellant. | ) | |
| | ) | |

Scott E. Chambers, Esq.
Schmittinger & Rodriguez, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19901
Attorney for Appellee

Jonathan Layton, Esq.
Layton & Associates, P.A.
The Buckner Building
1308 Delaware Avenue, Suite 8
Wilmington, DE 19806
Attorney for Appellant

Submitted: March 31, 2017

Decided: May 1, 2017

## DECISION AFTER TRIAL

This case involves a civil appeal from the Justice of the Peace Court pursuant to

10 *Del. C.* § 9571. This dispute involves a replevin action by Plaintiff-Below, Appellee, Abigail

Jane Davis ("Ms. Davis"), to recover possession of a dog held by Defendant-Below, Appellant,

Brandi Butler ("Ms. Butler"). Both parties appeared for trial before the Court on March 31,

2017. The Court reserved its decision. This is the Court's decision after consideration of the

pleadings, the evidence introduced at trial, arguments made at trial, and the applicable law. The Court enters judgment in favor of Ms. Davis and orders Ms. Butler to return the dog to Ms. Davis within thirty days.

**FACTS**

On August 2, 2015, Ms. Davis, spotted a dog dodging cars on a road in Sussex County, Delaware. Recognizing the dog was in danger, Ms. Davis immediately jumped out of her car and retrieved it. The dog was flea infested, dirty, walking with a limp and did not have any identifying tags. Ms. Davis began an hour-long search for the dog's owner in the nearby community. She knocked on numerous doors, but, was unable to locate the owner.

As a resident of Maryland, Ms. Davis was unfamiliar with Delaware's policies regarding lost dogs. She also felt uncomfortable transporting the dog to her home, which was over an hour away. Ms. Davis therefore contacted Ms. Butler, who is a resident of Dover, Delaware. Ms. Davis knew Ms. Butler was "passionate" about animals. She also knew that Ms. Butler had some understanding of the process for animal rescue in Delaware. The parties agreed to meet at a restaurant located in Dover, Delaware. When they met, Ms. Davis and Ms. Butler agreed that they needed to find the true owner of the dog and further agreed on a method to do so. Ms. Davis gave the dog to Ms. Butler in order to begin that process. Ms. Davis wanted the dog back if the owner could not be located, but, it is unclear whether she communicated this desire to Ms. Butler. Ms. Butler testified that she believed the dog was a gift from Ms. Davis, if the owner could not be found.

After giving the dog to Ms. Butler, Ms. Davis distributed flyers and began a social media campaign in an attempt to locate the dog's true owner. Her campaign intensified when Ms.

Butler told her the dog might be euthanized. The dog's true owner, Victor Perez, eventually contacted Ms. Davis. He advised Ms. Davis that he was unable to pursue remedies to recover the dog, but, was not opposed to Ms. Davis attempting to do so. On August 19, 2015, Mr. Perez signed a document titled "Bill of Sale," conveying his ownership rights to the dog to Ms. Davis in exchange for $100.00.[1]

On August 24, 2015, Ms. Davis filed an action in replevin with the Justice of the Peace Court in Dover, Delaware, to recover the dog.[2] Two days later, Ms. Butler took the dog to a veterinarian for shots and a physical exam. Ms. Butler also obtained a license for the dog. In a follow up visit, Ms. Butler had the dog microchipped.

The Justice of the Peace Court ruled in favor of Ms. Davis and ordered Ms. Butler to return the dog to her. Ms. Butler appealed that decision to this Court for a trial de novo pursuant to 10 *Del. C.* § 9571 and Court of Common Pleas Civil Rule 72.3. It is Ms. Davis' position that she is entitled to possession of the dog because she purchased it from its owner. Ms. Butler contends that she is entitled to possession because Ms. Davis gave her the dog as a gift or, in the alternative, Ms. Butler's right to possession outweighs Ms. Davis' rights to the dog.

**STANDARD OF REVIEW**

Appeals from matters presented to the Justice of the Peace Court are reviewed *de novo*.[3] In civil cases, the plaintiff (i.e. Ms. Davis) bears the burden of proving each and every element of

---

[1] Mr. Perez testified at trial, albeit by telephone, that he purchased the dog for $500.00 sometime in the summer of 2015. His testimony also indicated that he originally thought he would get the dog back if Ms. Davis recovered it. However, he no longer wishes to recover the dog. Ms. Davis contends that she purchased the dog outright from Mr. Perez.

[2] Ms. Davis attempted to recover the dog from Ms. Butler on two separate occasions with the assistance of law enforcement, but, was ultimately unsuccessful.

[3] 10 *Del. C.* § 9571(c).

3

its claim by a preponderance of the evidence.[4] The side on which the greater weight of the evidence is found is the side on which the preponderance of the evidence exists.[5]

## DISCUSSION

Replevin is a form of action "for the recovery of the possession of personal property which has been taken or withheld from the owner unlawfully."[6] To make a *prima facie* case for replevin, a plaintiff must show by a preponderance of the evidence that he or she has the right of immediate possession of the property that is the subject of the suit.[7] Title is not necessary to maintain a replevin action.[8]

In Delaware, dogs are considered personal property.[9] Personal property is considered "lost property" when "the owner has involuntarily parted with [it] through neglect, carelessness or inadvertence and the whereabouts of [it] is unknown to the owner."[10] Lost property belongs to the first finder as against all persons but the person who lost it.[11] That is, the finder of lost property does not acquire absolute ownership but acquires such property interest or right as will enable him or her to keep it against all the world but the rightful owner.[12] The finder of lost property holds it as a bailee for the true owner.[13] As to all others, the finder's rights are tantamount to ownership, giving him or her the right to possess and hold the found property.[14]

---

[4] *See Reynolds v. Reynolds*, 237 A.2d 708, 711 (Del. 1967).
[5] *Id.*
[6] *Harlan & Hollingsworth Corp. v. McBride*, 69 A.2d 9, 11 (Del. 1949).
[7] *Id.*
[8] *Paul v. Sturevant*, 2006 WL 1476888 (Del. Com. Pl. May 19, 2006) (citing *Willey v. Wiltbank*, 567 A.2d 424 (Del. 1989)).
[9] 16 *Del. C.* § 3050F(a).
[10] *Campbell v. Cochran*, 416 A.2d 211, 221 (Del. Super. 1980).
[11] 1 Am. Jur. 2d *Abandoned, Lost, and Unclaimed Property* § 29 (citation omitted).
[12] *Id.*
[13] *Id.*
[14] *Id.*

In this case, it is not entirely clear how Mr. Perez's dog got loose. It is apparent, however, that Mr. Perez provided very little care to the dog prior to its rescue by Ms. Davis. It was flea infested, dirty, walking with a limp and did not have any identifying tags. It is not difficult for the Court to imagine a number of different ways for a neglected animal, such as this dog, to escape from Mr. Perez. As a result of Mr. Perez's carelessness or inadvertence, the dog was wandering a busy roadway and was lost property.[15]

As the "finder" of lost property, Ms. Davis acquired superior title to all but Mr. Perez, whom she was unaware of when she found the dog. Rather than waiting for Mr. Perez to potentially assert his rights as the true owner of the dog, Ms. Davis was proactive in her search for the owner. She immediately conducted a search of the surrounding area. When she could not locate the owner, she contacted Ms. Butler, to whom Ms. Davis gave the dog in order to help continue her search. It was not a gift to Ms. Butler as there was no donative intent.[16] Rather, Ms. Davis' conduct is analogous to the plaintiff's conduct in the Pennsylvania case of *Batteiger v. Pennsylvania Co.*[17]

In *Batteiger*, the plaintiff discovered a purse sitting on an empty seat in a train.[18] Believing that someone had left it, he picked up the purse and brought it to the train conductor so that it could be delivered to the rightful owner.[19] The true owner never came forward.[20] The plaintiff filed suit to recover the contents of the purse.[21] The court held,

---

[15] The dog would not be considered "abandoned," at the time it was found by Ms. Davis, as Ms. Butler has argued, because the evidence does not indicate that Mr. Perez "voluntarily relinquished all right, title, claim and possession, with the intention of terminating his ownership," of it. *Campbell,* 416 A.2d at 221.

[16] The elements of a valid gift *inter vivos* have long been established. These are a donor competent to make the gift; that the gift was made with free will; that the donor intended to make the gift; that the donee was capable of receiving the gift; that the act of the gift be complete; that there is a delivery by the donor and acceptance by the donee; and that the gift must come into immediate and absolute and irrevocable effect. *E.g., Highfield v. Equitable Trust Co.,* 155 A. 724, 727 (Del. Super. 1931).

[17] *Batteiger v. Pennsylvania Co.,* 64 Pa. Super. 195 (Pa. Super. 1916).

[18] *Id.* at 196.

[19] *Id.*

[20] *Id.* at 197.

> Where the finder of a lost article has delivered it to a third person to be kept for the owner, or for the finder in case the owner does not claim it, the finder, on the refusal of the bailee to return the article may recover it, if no claim has in the meantime been made by the true owner.[22]

Plaintiff was therefore entitled to possession of the purse.[23]

Similarly, Ms. Davis gave Ms. Butler the dog for the purpose of finding the true owner. Ms. Davis is therefore entitled to possession of the dog as the finder of lost property. This status does not complete the Court's analysis, however. Ms. Davis is also entitled to possession of the dog as the result of the purchase agreement ("Bill of Sale") she entered with Mr. Perez.[24]

At trial, Ms Butler argued that the purchase agreement violates Delaware's common law doctrine of champerty. "It is the duty of the court to dismiss a case in which the evidence discloses that the assignment of the cause of action sued upon was tainted with champerty."[25] Champerty is "'an agreement between the owner of a claim and a volunteer that the latter may take the claim and collect it, dividing the proceeds with the owner, if they prevail; the champertor to carry suit at his own expense.'"[26] It is closely-related to the concept of *maintenance* –

> an officious intermeddling in a suit which in no way belongs to the intermeddler by maintaining or assisting either party to the action, with money or otherwise, to prosecute or defend it. In other words it is the intermeddling in a suit by a stranger, one having no privity or concern in the subject matter and standing in no relation of duty to the suitor.[27]

---

[21] *Id.*

[22] *Id.* at 198 (citations omitted).

[23] *Id.*

[24] Mr. Perez signed the Bill of Sale on August 19, 2015. He agreed to transfer his "future rights, ownership and responsibilities" of the dog to Ms. Davis in consideration for $100.00. Although Mr. Perez's testimony to the Court indicated that he may have been somewhat confused as to what rights he actually gave to Ms. Davis, he is not attempting to modify or rescind the purchase agreement for the dog. Thus, it is unnecessary for the Court to address any issue of mistake.

[25] *Hall v. State*, 655 A.2d 827, 830 (Del. Super. 1994) (citing *Gibson v. Gillespie*, 152 A. 589, 593 (Del. Super. 1928)).

[26] *Gibson v. Gillespie*, 152 A. 589, 593 (Del. Super. 1928) (quoting *Hamilton v. Gray*, 67 Vt. 233, 31 A. 315, 315 (1895)). *See also Compaq Computer Corp. v. Horton*, 631 A.2d 1, 5 n. 1 (Del. 1993).

[27] 14 Am. Jur. 2d *Champerty And Maintenance* § 2 (1964) (footnotes omitted). *See also Bayard v. McLane,* Del. Supr., 3 Del. (3 Harr.) 139, 208 (1840).

The doctrines of champerty and maintenance apply only to "volunteers" or "strangers" – those who have no legal interest in the subject matter of the dispute; those who have no relation to either of the parties to the dispute; and those who are not acting in the lawful exercise of their profession as counsel to one of the parties.[28] An agreement is not champertous where the assignee has some legal or equitable interest in the subject matter of the litigation *independent from* the terms of the assignment under which the suit was brought.[29] However, an agreement is tainted with champerty where the assignee had *no* interest in the cause of action prior to the assignment.[30]

In the instant case, it is clear to the Court that the Bill of Sale was not champertous for two reasons. First, Ms. Davis did not agree to "divide the proceeds" of this suit with Mr. Perez. She physically could not divide a living animal. Nor did the parties agree to sell the dog to a third party and split the proceeds from that sale. Second, and more importantly, Ms. Davis was not a "stranger" to the dispute. As the Court has previously explained in detail, Ms. Davis acquired a legal interest as the finder of lost property when she discovered the dog wandering the street. This event occurred prior to the alleged champertous agreement. Therefore, the Bill of Sale was not champertous and Ms. Davis acquired full ownership of the dog on August 19, 2015.

**CONCLUSION**

In sum, Ms. Davis is entitled to possession of the dog not only as the finder of lost property but also as the true owner with title superior to all. Ms. Butler must therefore surrender

---

[28] *See Bayard*, 3 Del. (3 Harr.) at 208, 213.
[29] *See Drake v. Northwest Natural Gas Co.*, 165 A.2d 452, 454 (Del. Ch. 1960) and *Gibson*, 152 A. at 593.
[30] *See Gibson*, 152 A. at 593.

the dog to Ms. Davis within the next 30 days. In addition, the Court finds that the fair market value of the dog is $500.00.

**IT IS SO ORDERED THIS 1st day of <u>MAY</u>, 2017.**

CHARLES W. WELCH
JUDGE