WILLIAM S. HITCH vs. ALLISON RIGGIN.

1. REPLEVIN—FORM AND SCOPE OF REMEDY.

Replevin is a form of action to recover possession of personal chattels that have been unlawfully taken or detained from their owner. The action is founded on the general or special property of the plaintiff, and his consequent right to immediate and exclusive possesion, and the action is therefore one in which the title or property of a chattel is determined.

2. REPLEVIN—PLAINTIFF'S TITLE AND RIGHT OF POSSESSION.

The issue of property in replevin, notwithstanding defendant's plea of property in himself, is not whether the property in the chattel is that of the plaintiff or the defendant, but whether the property is in the plaintiff, with a consequent right to its immediate possession, regardless of the title and property of the defendant.

**3. REPLEVIN—EVIDENCE—BURDEN OF PROOF.**

Plaintiff, in replevin for a horse, must prove by a preponderance of the evidence that at the time the action was brought he had and retained a property or title in the horse in controversy of a character to give him a right to its immediate and exclusive possession, while the defendant may prevail upon the weakness of plaintiff's title.

**4. REPLEVIN—DEFENSES—POSSESSION IN THIRD PARTY.**

Defendant in replevin may set up property and right of possession in himself or in another, in order to disprove title or property in the plaintiff, and in this way meet the issue of property in the plaintiff.

**5. REPLEVIN—WEIGHT OF EVIDENCE—PROPERTY.**

In replevin, property in the chattel, whether that required to be proved by plaintiff or that which may be proved by the defendant, is established by direct evidence, as by contracts of sale, admissions against interest, or by evidence of acts and relation of the parties, from which property and the right of possession in one or the other may reasonably be inferred.

**6. EVIDENCE—WEIGHT OF EVIDENCE—CONFLICTING EVIDENCE.**

The jury, when the evidence is conflicting, should reconcile it if it can, and, if it cannot, should accept that which is most worthy of credit, and reject that which is least worthy of belief, having regard to the fairness, intelligence, and interest of the witnesses.

**7. REPLEVIN—VERDICT FOR PLAINTIFF—DAMAGES.**

Where the jury in replevin find the property to be in the plaintiff, and that he was entitled to its immediate possession at the time the writ was issued, its verdict should be for the plaintiff, not for the return of the horse, which he already has, but for nominal damages because of its unlawful detention by the defendant.

**8. REPLEVIN—VERDICT FOR DEFENDANT—DAMAGES.**

Where the jury in an action of replevin find against the plaintiff's property and right to immediate possession at the time the writ was issued, a verdict should be for defendant for damages in an amount equal to the value of the chattel, with interest from the day it was replevied.

(*April* 13, 1911.)

Judges BOYCE and WOOLLEY sitting.

*John M. Richardson* for plaintiff.

*Charles S. Richards* for defendant.

Superior Court, Sussex County, April Term, 1911.

ACTION OF REPLEVIN (No. 2, February Term, 1911), to recover possession of a horse.

The facts appear in the charge of the court.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—This is an action of replevin brought by William S. Hitch, the plaintiff, against Allison Riggin, the de-

fendant, to recover the possession of a horse. In obedience to the process issued in this case, the sheriff took the horse from the possession of the defendant and placed it in the possession of the plaintiff, where it remains. The property in the horse and the right to its possession are claimed alike by both of the parties.

In support of the plaintiff's claim of property, it is contended that the plaintiff bought and paid for the horse in a distant city and had it sent to the farm upon which he and the defendant were living in the relation of landlord and tenant; that for a period the horse was placed and fed in the plaintiff's stable and was used by the defendant in cultivating the farm; that the plaintiff never sold the horse to the defendant, nor otherwise parted with his property in it, and therefore he had a right to its absolute and immediate possession.

In support of the defendant's claim of property in the horse, it is contended that the horse was purchased by the plaintiff for the defendant, upon the understanding and agreement that the defendant was to pay for the horse the same amount that the horse had cost the plaintiff and that payment was to be made by the defendant doing extra work for the plaintiff; that he had done that extra work and had paid for the horse; that the horse was kept in the plaintiff's stable, because, for a time, there was no other stable or barn upon the premises; that when a stable was constructed for the defendant, as tenant, the horse was removed to it, and remained in his possession until replevied, and therefore he has a right immediately to regain and retain its possession.

The circumstances attendant upon and incident to the alleged transaction of sale and the possession of the horse by the parties, as disclosed by the testimony, constitute the facts of this case, which according to the restrictive provision of the Constitution, the court is not permitted to discuss with you, but which, nevertheless, are matters proper and necessary for your consideration in determining the issue of fact in this case, in accord with the law as the court now charges you.

[1] Replevin is a form of action which is employed to recover possession of personal chattels that have been unlawfully taken or detained from their owner. The action is founded on the general

or special property of the plaintiff in a chattel and his consequent right to its immediate and exclusive possession. It is therefore an action by which the title or property of a chattel is tried and determined. [2] The issue of property in replevin, notwithstanding a plea by the defendant of property in himself, is not whether the property in the chattel is that of the plaintiff or the defendant, but whether the property is in the plaintiff or claimant in the action and whether the plaintiff as such has a consequent right to its immediate and exclusive possession (*Ott v. Specht and Spahn*, 8 *Houst.* 61, 12 *Atl.* 721), regardless of the title and property of the defendant.

[3] It therefore devolves upon the plaintiff in this case to prove to you by a preponderance or greater weight of the evidence, that at the time this action was brought he had and retained a property or title in the horse in controversy, of such a general or special character as to give him a right to its immediate and exclusive possession. The defendant, on the other hand, in order to prevail, is not required to rely upon the strength of his own title or property in the horse, but may prevail upon the weakness of the plaintiff's title. [4] He may, if he choose, set up and establish property and right of possession in himself or in another, in order thereby to disprove title or property in the plaintiff, and in this manner meet the issue of property in the plaintiff.

[5] Property in a chattel, whether it be the property required to be proved by the plaintiff or that which may be proved by the defendant, is established by direct evidence, when the case is susceptible of it, as by contracts of sale, admissions against interests, and the like, or by evidence of the acts and relation of the parties from which property and the right of possession in one or the other may reasonably be inferred. Such evidence has been submitted to you in this case. [6] If you find it to be conflicting, you should reconcile it if you can, and if you cannot, you should accept that which is most worthy of credit, and reject that which is least worthy of belief, having regard to the fairness, intelligence, interest and bias of the witnesses.

[7] If, from the evidence, you find that the property in the horse rests with the plaintiff and that he was entitled to its imme-

diate and exclusive possession at the time the writ in this case was issued, your verdict should be for the plaintiff, not for the return of the horse, for he already has it, but for nominal damages because of the unlawful detention of the horse by the defendant.

[8] If, however, you find that the title or property in the horse does not belong to the plaintiff and that he had no right to its immediate possession, at the time the writ in this case was issued, your verdict should be for the defendant, and as the defendant does not ask for the return of the horse, your verdict should be for damages in an amount equal to the value of the horse, as disclosed by the evidence, with interest thereon from the day it was replevied to this day.

Verdict for defendant.