Harlan and Hollingsworth Corporation, a corporation of the State of Delaware, Defendant Below, Plaintiff in Error, v. Peter J. McBride and George B. McClennen, Trading under the name and style of Delta Equipment Company, Plaintiffs Below, Defendants in Error.

*(October 27, 1949.)*

HARRINGTON, Chancellor, RICHARDS, C. J., TERRY and CAREY, J. J., sitting.

*H. Albert Young* for Harlan and Hollingsworth Corporation, Defendant Below, Plaintiff in Error.

*Alexander L. Nichols* (of Morris, Steel, Nichols and Arsht) for Peter J. McBride and George B. McClennen, Plaintiffs Below, Defendants in Error.

Supreme Court, No. 4, November Session, 1948 Term.

HARRINGTON, Chancellor.

This case is before the court on a writ of error to the Superior

Court for New Castle County on a judgment for $2,500 entered in an action of replevin on the verdict of a jury for Peter J. McBride and George B. McClennen, trading as Delta Equipment Company, against Harlan and Hollingsworth Corporation, the defendant below, plaintiff in error.

McBride and McClennen were engaged in the business of buying, selling and servicing new and used machine tools in the City of Philadelphia and claimed to have purchased from Harlan and Hollingsworth Corporation on March 20, 1947, by an oral contract, the machinery, the possession of which they sought to recover in the replevin action. It consisted of 1 No. 3 Cincinnati Milling Machine with dividing head, tail stock and chuck; 1 Lodge and Shipley 18" x 10' geared head lathe with 2 chucks; 1 Gould & Eberhardt 20" shaper. The agreed purchase price was $2,500. Fifty dollars was paid as a deposit when the contract was made, and an invoice was delivered by Harlan and Hollingsworth Corporation to the plaintiffs below showing such deposit and a balance of $2,450 due on account of the purchase price. The invoice described the sale "where is as is." The plaintiffs in the action claimed that nothing was said in the agreement about the time of delivery or when the balance of the purchase price was to be paid. On the other hand, Harlan and Hollingsworth Corporation claimed that the plaintiffs had agreed to take and pay for the machine tool equipment within one week after March 20th. The machinery had an aggregate weight of approximately twelve tons and it was necessary for the plaintiffs to arrange with an experienced rigger to move it. On or about April 3, 1947, a representative of Harlan and Hollingsworth Corporation telephoned the plaintiffs and asked why they had not called for the machinery. He was told by their agent that they would call for it the following Monday, April 7th, and would pay the balance due at that time. That was Easter Monday, and through arrangements had been made with a rigger to call for the machinery on that day he failed to send his truck for

it until April 8th. The driver had with him a letter from McBride and McClennen, dated April 2, 1947, addressed to Harlan and Hollingsworth Corporation, requesting delivery of the machinery to the rigger. It was accompanied by a check of the plaintiffs below, trading as Delta Equipment Company, payable to Harlan and Hollingsworth Corporation for $2,450, marked "Balance Inv. 3/30." That corporation declined to accept the check and refused to deliver the machinery. In the meantime, on April 7, 1947, its agent had written the plaintiffs below, returning the $50 deposit, stating that the sale was void because of the failure of McBride and McClennen to pay for and remove the equipment wthin one week thereafter. This letter was received by the plaintiffs below on April 8, 1947, but not until the rigger had left for Wilmington and it was then too late to recall him.

After making several demands on Harlan and Hollingsworth Corporation to deliver the machinery, which were refused, Mc-Bridge and McClennen on May 2, 1947, instituted this action for its recovery, and delivered to the sheriff their replevin bond in the amount of $5,000 being double the value (i. e. the purchase price) of the property covered by the contract of sale. Before it could be seized by the sheriff in execution of the directions of the writ, Harlan and Hollinsgworth Corporation filed a bond with the sheriff for $5,000 and retained the property. The praecipe filed in the office of the prothonotary, directing the docketing of the suit and the issuance of the writ, stated that the property which the plaintiffs sought to recover had a value of $2,500. On or about June 10, 1947, Harlan and Hollingsworth Corporation sold the three pieces of machinery in question at public auction for $3,325. There was evidence that an agent for McBride and McClennen attended the sale and bid on the milling machine and the lathe, and purchased the lathe for $1,100. At the trial of the replevin action, there was a verdict for McBride and McClennen for $2,500, and after the denial of the alternative motion of Harlan and Hollings-

worth for judgment, or for a new trial, judgment was entered against it on the verdict on September 27, 1948.

In this State replevin is primarily a form of action for the recovery of the possession of personal property which has been taken or withheld from the owner unlawfully. *Bennett v. Brittingham*, 3 *W. W. Harr.* (33 *Del.*) 519; *McClemy v. Brown*, 6 *Boyce* 253, 99 *A.* 48; *Woolley's Del. Pr.* §§ 1526, 1528, 1541, 1555. The right of McBride and McClennen to maintain their action, therefore, depended upon whether they had title to, and the right of immediate possession of, the property which was the subject of the suit. *Id*; *Reynolds v. Donoway, 7 Boyce* 461, 108 *A.* 139. Moreover, if the defendant in an action of replevin claims title to the goods mentioned in the writ it may retain possession upon giving a proper bond to the sheriff to satisfy any judgment which may be entered against it. If that be done, the suit proceeds and the plaintiffs have the defendant's bond as security. 2 *Woolley's Del. Pr.* § 1536; *Clark v. Adair, 3 Harr.* 113. A Secondary object of the action may, therefore, be for the recovery of a sum of money equivalent to the value of the property claimed if the defendant cannot or will not surrender possession. *Bennett v. Brittingham, supra; McClemy v. Brown, supra; Pritchard's Admr. v. Culver, 2 Harr.* 129; 2 *Woolley's Del. Pr.* §§ 1555, 1556. If the verdict is for the plaintiff for the value of the property and no special damages are alleged, interest may be added as damages from the date of the unlawful conversion. *Reynolds v. Donoway, supra.*

Whether title passed to the plaintiffs below under the oral contract of March 20, 1947, involved questions of both fact and law. The trial court read the pertinent provisions of the Uniform Sales Act[1] to the jury and instructed them in part:

"The plaintiffs contend * * * that title to the machinery passed to them on March 20, 1947. This they must establish in order

1. Chapt. 173, Revised Code 1935, Sections 5997, 5998, 6020, 6021, 6022, 6031, 6032, 6040, 6044, 6055.

to recover. If you should find that, at the time of the transaction on March 20, 1947, title did not pass, then the plaintiffs cannot prevail in this action. Whether title passed and when it passed depends primarily upon the contract between the parties. What the contract between the parties was, that is, the terms of the contract, you are to determine from the evidence before you of what the parties did and what they said.

"There are certain statutes of Delaware which have a bearing on this case. I shall read them to you.

"Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred.

"Unless a different intention appears, where there is an unconditional contract to sell specific goods in a deliverable state, the property in the goods passes to the buyer when the contract is made, and it is immaterial whether the time of payment or the time of delivery, or both, be postponed.

"If it is a contract to sell specific goods, and the seller is bound to do something to the goods for the purpose of putting them into a deliverable state, the property does not pass until such thing is done.

"Goods are in a deliverable state when they are in such a state that the buyer would, under the contract, be bound to take delivery of them.

"If you find that there was an express agreement fixing the time for delivery and payment,—delivery of the machinery and payment of the balance of the purchase price,—then that would constitute a term of the contract.

"If you find that there was no express agreement concerning the time of delivery and payment, then delivery and payment

must be made within a period which is a reasonable time under the circumstances; and a contract to deliver and an agreement to pay is treated as an implied term of the contract within a reasonable time under the circumstances.

"It is the duty of the seller to deliver the goods, and of the buyer to accept and pay for them in accordance with the terms of the contract to sell. Unless otherwise agreed, delivery of the goods and payment of the price are concurrent conditions, that is to say, the seller must be ready and willing to give possession of the goods to the buyer in exchange for the price; and the buyer must be ready and willing to pay the price in exchange for possession of the goods.

"The seller of goods is deemed to be an unpaid seller when the whole of the price has not been paid or tendered. An unpaid seller may rescind the transfer of title and resume the property in the goods where he expressly reserved the right to do so in case the buyer should make default in the payment of the price an unreasonable time. The transfer of title shall not be held to be rescinded by an unpaid seller until he has manifested by notice to the buyer or by some other overt act an intention to rescind.

"It is not necessary that such overt act should be communicated to the buyer, but the giving or failure to give notice to the buyer of the intention to rescind is relevant in any issue involving the question whether the buyer had been in default an unreasonable time before the right of rescission was asserted.

"In order for the plaintiffs to recover, you must find that the title to the property passed to them on March 20, 1947, and that they performed or tendered performance of all things required of

them to be done. If you do not so find, your verdict should be for the defendant."

We find no error in these instructions, and the jury by their verdict for the plaintiffs, necessarily, determined the terms of the oral agreement of March 20, 1947, and other facts which were essential to the conclusion that title passed to the plaintiffs under that agreement. In the circumstances, Harlan and Hollingsworth Corporation cannot now claim that the goods were not in a deliverable state at that time, or that the plaintiffs acquired no rights because of their failure to accept and pay for them within one week, or within a reasonable time after the contract was made.

The court also instructed the jury: "If you should find for the plaintiffs, then you will have to ascertain, as a part of your verdict, the amount of the plaintiffs' damages. Here the property cannot be specifically restored to the plaintiffs, inasmuch as the defendant elected to retain possession of the property after the commencement of the action, by giving the Sheriff a bond as security for the payment of any judgment that might be recovered in the action in accordance with the law. In such case, your verdict, if in favor of the plaintiffs, should be for such amount as you find to be the value of the property on April 8, 1947, less the contract price of $2500, together with interest on the net amount computed at the rate of 6% per annum from April 8, 1947, to the present."

In view of plaintiffs' admission with respect to the amount of the verdict, if in their favor, we likewise find no error in these instructions.

When McBride and McClennen filed their declaration the property which they sought to recover in the action of replevin had been disposed of by the defendant at the sale of June 10, 1947, so their claim at the trial was necessarily for its value. The amended declaration alleged that Harlan and Hollingsworth Corpora-

tion had refused and declined to accept payment or to deliver to the plaintiffs possession of the machinery to which the plaintiffs were of right entitled, and wrongfully and unlawfully detained said machinery and converted the same to its own use "to the injury and damage of the plaintiffs in the amount of $5000, being the amount of plaintiffs' loss and damage after crediting to defendant the value of said property at the time of the sale thereof to plaintiffs as aforesaid; namely $2500."

■ The declaration, therefore, alleged injury and damage to the plaintiffs in the amount of $5,000 (see Wells on Replevin, 2d Ed., § 682), and the allegation of the value of the property which the plaintiffs sought to recover and the defendant retained was a mere formal allegation which did not limit the plaintiffs' proof to $2,500, *Cobbey on Replevin, 2d Ed.,* § 286; *Wells on Replevin* § 680. Rule 8 of the Superior Court is consistent with this conclusion. It provides that "a pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled."

■ Furthermore, the plaintiffs below were not estopped at the trial to claim title and the right of possession to all of the property involved in the replevin action because they had bid on the milling machine and bought the lathe at the sale conducted by Harland and Hollingsworth Corporation on June 10, 1947. That corporation had exercised its right to retain the property under a claim of title and had given the required bond to protect the plaintiffs should they prevail in the pending action. At the sale, McBride and McClennen were, therefore, bound to recognize Harlan and Holingsworth's claim of title and did nothing to mislead it to its injury.

In the cases cited by the attorney for the defendant below,

*Frick v. Miller,* 7 *Boyce* 366, 107 *A.* 391; *Hitch v. Riggin,* 3 *Boyce* 84, 85, 80 *A.* 975; *Staunton v. Smith,* 6 *Penn.* 193, 65 *A.* 593, the property had been delivered to the plaintiffs pursuant to the directions of the replevin writ. Here, possession was acquired by purchase and entirely independent of that proceeding. The trial court was not requested to instruct the jury that should there be a verdict for the plaintiffs for the value of all of the property named in the replevin writ the lathe could not be valued at more than the amount paid at the sale of June 10. 1947. Any consideration of that question and of the trover cases cited by the attorney for the plaintiff in error, *Baldwin v. Porter,* 12 *Conn.* 473; *Sprague v. Brown,* 40 *Wis.* 612; *Hunt v. Haskell,* 24 *Me.* 339, 41 *Am. Dec* 387, is, therefore, precluded by *Rule* 51 *of the Superior Court.*

██ ██ Conceding that damages for a breach of contract cannot be recovered in an action of replevin,*Delaware Marine Supply Mfg., Co. v. Philadelphia Lamp Mfg. Co.,* 5 *Boyce* 524, 95 *A.* 235; *Mills Novelty Co. v. Transeau,* 9 *W. W. Harr.* (*39 Del.*) 86, this case was not tried on that theory. Setoff would not be a proper plea by the defendant, *Woolley's Del. Pr.* § 1549; *Goslin v. Redden,* 3 *Harr.* 21; *Mills Novelty Co. v. Transeau, supra,* but as the plantiffs admitted that the unpaid contract price of $2,500 should be deducted in determining the amount of any verdict in their favor, there was no error in the direction to the jury with respect to that deduction.

At the sale of June 10, 1947, all of the property sold for $3,325, but there is no rule of law which limits the amount of the verdict to $825, being the amount in excess of the original contract price or March 20, 1947.

██ McClennen at the trial, over the objections of Harlan and Hollingsworth Corporation, in order to show market value was permitted to testify with respect to the prices obtained from sales made by his firm of other similar machinery at about the

same time and in the same general vicinity. He and McBride were engaged in the business of selling used and reconditioned machinery, and there was no error in admitting that evidence. *Wigmore on Evid.*, 3d Ed., § 463; *Chamb. H. B. Evid.*, §§ 743, 746, 747; 32 *C. J. S., Evidence*, § 593, *p.* 448. Nor was it error to instruct the jury that this evidence could be considered in determining the value of the property retained by the defendant and the amount of the verdict, should it be for the plaintiffs. Market value can also be shown by the tesimony of competent witnesses familiar with current prices (*Cham. H. B. Evid.* § 746), and the reference in the charge to estimates that might be considered by the jury in determining the amount of their verdict apparently related to evidence of that nature. At the argument there were no other objections to the instructions with respect to the evidence that might be considered in determining the value of the property which the plaintiffs sought to recover. If there was some conflict with respect to value, that was a matter solely for the consideration of the jury. Furthermore, the amount of any verdict and judgment entered for the plaintiffs was not necessarily limited by the value of the property stated in the praecipe and in the replevin bond executed by them.

*Gaspero* v. *Gentile*, 160 *Pa. Super.* 276, 50 *A. 2d* 754, 757, cited by the attorney for the plaintiff in error, was based on a peculiar statutory provision requiring the plaintiffs in an action of replevin to make an affidavit of the value of the goods which "shall be the cost to the defendant of replacing them, should the issue be decided in his favor." 12 *P. S. Pa.* § 1842.

The statement in *Tuck* v. *Moses*, 58 *Me.* 461, with respect to the effect of the value stated in the replevin writ on the amount of any verdict and money judgment for the plaintiff, if a direct decision on the question is more in point, but lays down too strict a rule.

This seems to dispose of all of the questions raised by the voluminous assignments of error filed.

The judgment of the court below is affirmed.