# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT BETSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. N20C-02-204 AML |
| | ) | |
| STATE OF DELAWARE and NEW | ) | |
| CASTLE COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**Submitted: December 14, 2020**
**Decided: March 11, 2021**

**Upon Defendants' Motion to Dismiss – GRANTED**

In 2015, the plaintiff loaned his vehicle to a friend who later was found dead inside the vehicle from multiple gunshot wounds. Although the plaintiff never was a suspect, the police seized the plaintiff's vehicle as part of the murder investigation. The plaintiff alleges the police ignored his requests to have the vehicle returned and never instituted forfeiture proceedings. In February 2020, the plaintiff filed this action against New Castle County and the State of Delaware, contending the seizure was a "taking" under the United States Constitution and seeking either (i) the vehicle's return and damages for its lost value and use; or (ii) the vehicle's fair market value. As explained below, the plaintiff does not adequately plead a claim because the vehicle's seizure did not constitute a taking and, apart from replevin or

1

a properly pleaded due process claim, state and municipal immunity bar the plaintiff's claims.

**FACTUAL & PROCEDURAL BACKGROUND**

1. On December 3, 2015, New Castle County Police seized Plaintiff Robert Betson's 2011 GMC Sierra as part of a murder investigation. Plaintiff loaned his vehicle to a friend, Jamai White, who was found inside the vehicle dead from multiple gunshot wounds. Plaintiff never was suspected of the murder, and his only link to the crime was that the victim was found in his vehicle.

2. On February 21, 2020, Plaintiff filed his Complaint against New Castle County ("the County") and the State of Delaware ("the State"), seeking either payment of the vehicle's fair market value or the vehicle's return plus damages for its diminished value and Plaintiff's loss of its use. On October 14, 2020, the County and the State separately moved to dismiss the entire Complaint for failure to state a claim. The parties fully briefed those motions, and the Court took the motions under advisement after oral argument.

**PARTIES' CONTENTIONS**

3. Defendants first engage in a futile exercise of disputing the truth of Plaintiff's pleaded facts, noting that Plaintiff has not alleged when he requested the vehicle's return or to whom he made such requests.[1] The County also argues

---

[1] County's Mot. at 1; State's Mot. at 1.

Plaintiff has not identified any specific damage that the vehicle incurred while in police possession, and Plaintiff was offered the vehicle's return but he declined it.[2] Turning to their more procedurally appropriate arguments, Defendants contend Plaintiff cannot maintain a claim under the Fifth Amendment's Takings Clause because the vehicle was seized through the government's police power rather than by eminent domain.[3] Defendants argue that any alleged damage to the vehicle, the length of time it was held, and Plaintiff's innocence in the underlying crime all are irrelevant to a Fifth Amendment analysis.[4] Defendants assert Plaintiff's due process claim fails because adequate due process was available to Plaintiff had he made a motion for return of property under Superior Court Criminal Rule 41(e).[5]

4.      The defendants also assert they are immune from any damages claim. The State contends sovereign immunity and the State Tort Claims Act ("STCA") completely bar all Plaintiff's claims except a replevin claim.[6] The County likewise argues Plaintiff's claim is rooted in negligence and therefore barred by the County and Municipal Tort Claims Act ("CMTCA").[7] Defendants assert Plaintiff cannot show that Defendants' actions fell within the statutory exceptions to state and local

---

[2] County's Mot. at 2, 5, 6.
[3] *Id*. at 2-3; State's Mot. at 2-3.
[4] County's Mot. at 3; State's Mot. at 3.
[5] County's Reply at 7-8; State's Reply at 3-4.
[6] State's Mot. at 4.
[7] County's Mot. at 5

immunity.[8]  Finally, the County argues any replevin claim by Plaintiff fails as a matter of law because Plaintiff seeks damages for his lost use of the vehicle, but a replevin claim is limited solely to property's return.[9]  According to the County, Plaintiff is entitled to the vehicle's return but nothing more.[10]

5.    Plaintiff maintains he made several requests for the vehicle's return, which were refused.[11]  Plaintiff argues he is an innocent owner, and Defendants therefore were not authorized to seize his property indefinitely without just compensation.[12]  Specifically, Plaintiff alleges Defendants did not follow the procedures for notice outlined in 11 *Del. C.* § 2309(b).[13]  He also asserts the seizure was unlawful because 11 *Del. C.* § 2311(b) only authorizes seizure for a reasonable length of time.[14]  Plaintiff maintains that, even if the initial seizure was lawful, Defendants' unreasonable delay in returning the vehicle constituted an unlawful seizure that supports a claim under the Fifth Amendment's Takings Clause.  Plaintiff

---

[8] *Id*. at 3-4; State's Mot. at 5.
[9] County's Mot. at 6.
[10] *Id*. at 6.
[11] Pl.'s Compl. ¶ 9.
[12] *Id*. ¶ 12.
[13] Pl.'s Resp. ¶ 5; 11 Del. C. § 2309(b) ("The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken or shall leave the copy and receipt at the place from which the property was taken. The return shall be made forthwith and shall be accompanied by a written inventory of any property taken . . . ").
[14] Pl.'s Resp. at ¶ 5; 11 Del. C. § 2311(b) ("Any papers, articles or things validly seized may be retained by the police for a reasonable length of time for the purpose of apprehending the offender or using the papers, articles or things so seized as evidence in any criminal trial, or both").

4

contends the County is not immune from liability because its acts go beyond a mere improper exercise of discretion,[15] and Plaintiff asserts both Defendants may have waived immunity by procuring insurance.[16]

**ANALYSIS**

A claim must be dismissed under Superior Court Civil Rule 12(b)(6) if the complaint fails "to state a claim upon which relief can be granted."[17] Under this standard, the Court (i) accepts all well-pleaded factual allegations as true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[18] The Court, however, must "ignore conclusory allegations that lack specific supporting factual allegations."[19]

**A. Plaintiff has not stated a claim under the Takings Clause.**

6. Plaintiff has not stated a claim under the Takings Clause because the vehicle was seized as part of an ongoing criminal investigation through Defendants' police powers. The Fifth Amendment's Takings Clause prohibits the government

---

[15] Pl.'s Resp. ¶ 16.
[16] *Id.* ¶ 19.
[17] Del. Super. Ct. Civ. R. 12(b)(6).
[18] *See Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011); *Doe v. Cedar Academy*, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[19] *Rammuno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998).

from taking private property "for public use, without just compensation."[20]  "When property has been seized pursuant to the criminal laws or subjected to *in rem* forfeiture proceedings, such deprivations are not 'takings' for which the owner is entitled to compensation."[21]

7.     The law in this regard is well-settled.  For example, in *Sealy v. United States*,[22] the government seized cash, computer equipment, and machinery from the plaintiff's business.[23]  The property was placed in storage but was damaged when a water pipe ruptured at the storage facility.[24]  The plaintiff acknowledged the seizure was lawful but argued the prolonged holding of and eventual damage to his possessions constituted a taking.[25]  The Court of Federal Claims found this argument unpersuasive, reasoning that items seized by the government under its police power are not seized for "public use" within the Fifth Amendment's meaning.[26]  The Court also disagreed with the plaintiff's assertion that the government can be liable for a taking when it holds lawfully seized property longer than necessary.[27]  Neither the government's prolonged retention nor the fact that the property was damaged while

---

[20] U.S. Const. amend, V.
[21] *Acadia Tech., Inc. v. U.S.*, 458 F.3d 1327, 1332 (Fed. Cir. 2006) (citing *Bennis v. Michigan*, 516 U.S. 442, 452-53 (1996)).
[22] 61 Fed. Cl. 32 (2004).
[23] *Sealy v. U.S.*, 61 Fed. Cl. 32, 33 (2004).
[24] *Id.*
[25] *Id.* at 34.
[26] *Id.*
[27] *Id.* at 35.

in the government's possession converted the seizure into a taking under the Fifth Amendment.[28] Similarly, in this case, New Castle County Police employed its police power to seize Plaintiff's vehicle as part of a homicide investigation. The seizure therefore was not a taking entitling Plaintiff to compensation. The seizure's duration and the alleged damage to Plaintiff's vehicle are irrelevant to determining whether the Fifth Amendment was implicated.

8.      Plaintiff, however, argues this case is distinct from past precedent because he was an innocent owner and the vehicle's seizure was unlawful, either because Defendants lacked statutory authority for the seizure or because they failed to follow the established procedure for doing so. But the lawfulness of Defendants' actions is irrelevant to whether a Fifth Amendment taking occurred. In takings cases, courts assume the underlying action was lawful and only decide whether the governmental action constituted a taking for which compensation must be paid.[29] Complaints about the wrongfulness of the government action are not properly presented in the context of a takings claim. Plaintiff's argument that he was an innocent owner of the vehicle likewise falters. Neither the innocence of the property owner nor the nature of the item taken is relevant; the character of the government

---

[28] *Id.*

[29] *Rith Energy, Inc. v. United States*, 270 F.3d 1347, 1352–53 (Fed.Cir.2001).

action is the sole determining factor.[30] Plaintiff's vehicle was seized under Defendants' police power. Regardless of Plaintiff's innocence or whether Defendants followed correct procedure in seizing the property, there was no taking within the meaning of the Fifth Amendment, and the Court must dismiss this claim.

**B. Plaintiff has not stated a due process claim.**

9. Although the Fifth Amendment does not apply to the government's seizure of property in this context, the Fourteenth Amendment's Due Process Clause does impose limits on the police power.[31] "Following the seizure of property, the owner of the property has a due process right to have the government either return the property or initiate forfeiture proceedings without unreasonable delay."[32] An unlawful seizure or a retention of seized property for an unreasonable amount of time may give rise to a due process claim.[33] But Plaintiff conceded at oral argument that he has not adequately stated such a claim. Accordingly, the due process clause is not a basis to deny Defendants' motions.

---

[30] *AmeriSource Corp. v. U.S.*, 525 F.3d 1149, 1154 (Fed. Cir. 2008) (citing *Bennis v. Michigan*, 516 U.S. at 453).

[31] *AmeriSource Corp.*, 525 F.3d at 1154.

[32] *Acadia Tech., Inc.*, 458 F.3d at 1333-34 (citing *U.S. v. Eight Thousand Eight Hundred & Fifty Dollars*, 461 U.S. 555, 564-67 (1983)).

[33] *United States v. Eight Thousand Eight Hundred & Fifty Dollars*, 461 U.S. at 564-67; *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972).

8

**C. Plaintiff could maintain a replevin claim, but any claim for damages is barred by the State and County Tort Claims Acts.**

10. Plaintiff's claims for damages against the State must be dismissed because the State is immune from suit. The State advances two separate immunity theories, only one of which is viable on a motion to dismiss. The State first argues sovereign immunity under Article 1, Section 8 of the Delaware Constitution, which serves as an absolute bar to all suits against the State unless the General Assembly has waived immunity. One area where the General Assembly has waived immunity is where the State procures insurance.[34]

11. The Delaware Supreme Court has interpreted Section 6511 as creating a presumption that the State waived immunity.[35] Although the State argues Plaintiff must plead the existence of insurance coverage in order to survive dismissal on the basis of sovereign immunity, settled Supreme Court precedent provides otherwise. On a motion to dismiss, a plaintiff is not required to plead insurance coverage because a plaintiff cannot be expected to know what is covered by the State's insurance program.[36] Rather, when the State asserts sovereign immunity as a defense, the State bears the burden of providing an affidavit from the Insurance Administrator confirming the absence of insurance coverage.[37] Before the Court

---

[34] 18 *Del. C.* § 6511 provides that "[t]he defense of sovereignty is waived and cannot and will not be asserted as to any risk or loss covered by the state insurance coverage program."
[35] *Pajewski v. Perry*, 363 A.2d 429, 436 (Del. 1976).
[36] *Clouser v. Doherty*, 2017 WL 3947404 at *7 (Del. Sept. 7, 2017).
[37] *Id.*

may consider such an affidavit, which is outside the pleadings, the Court must convert the motion to dismiss into a summary judgment motion.[38] The State has not carried that burden in this case and, in any event, converting the motion to dismiss into a motion for summary judgment is not necessary here because there is a second, independent basis requiring dismissal of the damages claim on the basis of immunity.

12. The State's second immunity argument is premised on the State Tort Claims Act ("STCA"). 10 *Del. C.* § 4001 provides the State and its employees immunity from damages where: (1) the act or omission arose out of and in connection with an official duty involving the exercise of discretion; (2) the act or omission was done in good faith; and (3) the act or omission was done without gross or wanton negligence.[39] To survive a motion to dismiss, Plaintiff bears the burden of pleading the absence of one or more of those elements.[40] Plaintiff has failed to meet this burden. He alleges neither that the State and its employees were performing a non-discretionary duty nor that the State or its agents seized the vehicle in bad faith or with gross negligence. Because Plaintiff has not alleged an applicable exception to the STCA, sovereign immunity bars his damages claim against the State.

---

[38] *Id*. at *6.
[39] 10 *Del. C.* § 4001.
[40] *Smith v. Bunkley*, 171 A.3d 1118, 1123 (Del. 2016).

13.	Plaintiff's damages claim against the County similarly is barred because Plaintiff has not pleaded that the County and Municipal Tort Claims Act ("CMTCA") does not apply.  Section 4011(a) of the CMTCA states, in pertinent part, that "except as otherwise explicitly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages."[41]  10 *Del. C.* § 4012 provides exceptions to immunity when the government causes property damage or bodily injury in: (1) its ownership, maintenance, or use of motor vehicles, trailers, aircrafts, or other machinery; (2) the construction, operation, or maintenance of public buildings; and (3) the sudden and accidental discharge of smoke, vapors, fumes, or toxic chemicals.[42]  None of these three exceptions fit Plaintiff's allegations.  Although Plaintiff's claim arguably challenges the County's use of his motor vehicle, the Delaware Supreme Court held in *Walls v. Rees*[43] that police seizure of a vehicle does not constitute a "use of motor vehicles" within the Act's meaning.[44]  Plaintiff has not plausibly alleged any applicable exception to immunity under the CMTCA, and the County therefore is immune from Plaintiff's damages claim.

---

[41] 10 *Del. C.* § 4011.
[42] 10 *Del. C.* § 4012.
[43] 569 A.2d 1161 (Del. 1990).
[44] *Walls v. Rees*, 569 A.2d 1161, 1167 (Del. 1990).

14.     Plaintiff's suggestion that the County waived immunity by purchasing insurance contradicts binding precedent to the effect that a municipality cannot waive immunity by procuring insurance. In *Fiat Motors of North America, Inc., v. Mayor and Council of City of Wilmington*[45], the Delaware Supreme Court examined the CMTCA's history and held that the General Assembly intended the three enumerated exceptions within Section 4012 to be the exclusive list of exceptions to municipal immunity.[46] Consequently, the *Fiat Motors* court concluded the City's purchase of insurance did not result in a waiver of immunity.[47] As *Fiat Motors* affirms, the County remains immune from suit unless Plaintiff plausibly can allege the County's actions fit within one of Section 4012's exceptions. As previously discussed, Plaintiff's Complaint does not clear this hurdle.

15.     Although the STCA and CMTCA bar Plaintiff's damages claim, sovereign immunity does not bar a replevin claim. "In Delaware, replevin is primarily a form of action for the recovery of possession of personal property, which has been taken or withheld unlawfully."[48] A replevin action seeks possession of specific property, rather than compensation for its loss.[49] In *Walls v. Rees*, for

---

[45] 498 A.2d 1062 (Del. 1985).

[46] *Fiat Motors of North America, Inc., v. Mayor and Council of City of Wilmington*, 498 A.2d 1062, 1066 (Del. 1985).

[47] *Id*. at 1068.

[48] *Walls*, 569 A.2d at 1166 (quoting *Harlan & Hollingsworth Corp. v. McBride*, 69 A.2d 9, 11 (Del. 1949)).

[49] *Falciani v. Zinszer*, 2018 WL 3654903, at *2 (Del. Super. July 31, 2018).

example, police seized the plaintiff's vehicle upon belief that he used it in the commission of a felony.[50] The plaintiff was acquitted of the crime the government believed involved the vehicle, but the county destroyed the vehicle after the plaintiff repeatedly refused to pay the towing and storage fees.[51] The plaintiff sought an order compelling the government to return his vehicle or pay him compensatory and punitive damages.[52] The Delaware Supreme Court held that, because the controversy was about the government's failure to return property, the claim was one for replevin, not a tort, and the CMTCA therefore did not bar the action.[53] To the extent Plaintiff files an amended complaint pleading a replevin claim seeking *only* the vehicle's return, that claim would not be barred by sovereign immunity.[54]

**CONCLUSION**

Plaintiff's underlying theme is that he unfairly was deprived of his property. But Plaintiff is not without remedy. He may bring a replevin claim for the vehicle's return, or he may bring a damages claim if he adequately can plead that individual

---

[50] *Walls*, 569 A.2d at 1162.
[51] *Id*. at 1162-63.
[52] *Id*. at 1163.
[53] *Id*. at 1166-67.
[54] *Walls* does not, as Plaintiff suggests, stand for the proposition that a replevin claim also entitles a plaintiff to damages for the property's diminished value. In *Walls*, the county destroyed the vehicle and thus could not surrender possession of it. The Supreme Court therefore held a conversion claim could lie "for the recovery of a sum of money equivalent to the value of the property claimed if the defendant cannot or will not surrender possession." *Id*. at 1167. Here, Defendants have indicated they are willing to return the vehicle. If that does not transpire, Plaintiff may pursue a conversion claim.

defendants violated his due process rights.[55]  Plaintiff also may file a motion under Superior Court Criminal Rule 41, which allows an aggrieved party to file a motion seeking the return of property seized by police.[56]  None of those claims, however, were pleaded adequately in this case, and the Complaint cannot be construed as a motion brought under Rule 41.  For the reasons set forth herein, Defendants' Motion to Dismiss is **GRANTED** without prejudice to a validly stated replevin claim or a properly filed Rule 41 motion.

        **IT IS SO ORDERED.**

                                 **_/s/ Abigail M. LeGrow_**

                                 Abigail M. LeGrow, Judge

---

[55] *Acadia Tech., Inc.*, 458 F.3d at 1334.

[56] Del. Super. Ct. Crim. R. 41(e) ("A person aggrieved by the deprivation of property seized by the police may move the court for the return of the property on the ground that such person is entitled to lawful possession of the property.")