# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| WILLIAM BEYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. CPU6-19-000032 |
| | ) | |
| ERIC BEYER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: September 3, 2021
Decided: October 18, 2021

James Gaspero Jr., Esquire
Ferry Joseph
824 N. Market Street, Suite 1000
Wilmington, DE 19899
*Attorney for Plaintiff*

Dean A. Campbell, Esquire
Georgetown Professional Park
20175 Office Circle
Georgetown, DE 19947
*Attorney for Defendant*

## DECISION AFTER TRIAL

Plaintiff William Beyer brings two claims against Defendant Eric Beyer. The parties are in dispute over who is the rightful owner of a Deputy Sheriff's badge, a family heirloom. The first claim is asking for a Writ of Replevin while the second a claim for Conversion. Plaintiff alleges he is entitled to possession of the Deputy Sheriff's badge as it is his property. The Court held a bench trial on September 3, 2021, and at the close of trial reserved decision. Based on the testimony of the parties, the Court's independent research and the record, this Court cannot find Plaintiff has met his burden of proof. For the reasons below, the Court finds for Defendant.

## FACTUAL BACKGROUND

After hearing testimony at trial, the Court finds the following facts:

William Beyer ("Plaintiff") is the uncle of Eric Beyer ("Defendant"). Defendant is currently in possession of a Deputy Sheriff's badge ("badge") given to him by his grandmother (Plaintiff's mother), Lorraine Beyer on his twenty-fifth birthday. Ms. Beyer passed away January 22, 2016. Plaintiff recalled hearing stories from his grandmother while she babysat him about her father/ Plaintiff's great-grandfather who served as a Sheriff in Staten Island, Richmond County, New York in the 1930s. Plaintiff alleges seeing the badge in his maternal grandmother, Mae Schnurr's, safe many times. According to Plaintiff, Schnurr promised him when he was about 10 years of age, he could have the badge when she passed away.[1] Plaintiff's mother, Ms. Beyer, came into possession of the badge when Ms. Schnurr was moved into a nursing home in the mid 1970's. At this time Ms. Beyer/Plaintiff's mother lived in Staten Island, New York. Ms. Schnurr's belongings were split between Ms. Beyer and her sister, Audrey R. Billis. According to Plaintiff, he next saw the badge at his mother's home while he was visiting from college. Plaintiff's mother asked Plaintiff if she could hold onto the badge until she passed away. Plaintiff told his mother she could keep the badge in her possession. During this time Plaintiff was under the assumption he was going to receive the badge and he was the rightful owner. Plaintiff's parents moved to Delaware around 1980, bringing with them Ms. Schnurr's possessions, including the Sheriff's badge.

Defendant's testimony at trial indicated he has been in possession of the badge since his twenty-fifth birthday in 2011. Since then, he has kept the badge in a lockbox in his home. Defendant lived with Ms. Beyer for twenty-one years. The two developed a strong relationship as

---

[1] Plaintiff was born December 17, 1955 and is now 65 years of age.

she raised him since he was a young child. At no point was Defendant aware of the badge nor who his great-great grandfather was until his grandmother gave it to him on his birthday. Lorraine Beyer offered no background concerning the badge. Defendant testified he only knew it was precious to her and she was giving it to him which made it precious to him. Defendant indicated the badge was not listed in either Ms. Schnurr or Ms. Beyer's will.[2] Defendant brought the badge to trial. Further, Defendant was in possession of the badge during a deposition taken for another cause of action surrounding Ms. Beyer's estate. A photo of the badge was taken at the deposition.[3] During testimony, Plaintiff indicated he has only seen the badge once or twice since the 1970's when he saw it at his mother's house on Staten Island. This includes seeing the badge during the litigation surrounding his mother's estate. Plaintiff testified he knew of no special insignia or markings and that his great-grandfather was a Sheriff. The front of the badge states Deputy Sheriff, Richmond County NY and Ms. Schnurr's father put an inscription on the back that stated, "To my daughter from R.E. Kaltenmeier, Sheriff Richmond County, NY. Upon Lorraine Beyer's death, Plaintiff learned the badge was not with her belongings. Defendant observed a large family argument about many items allegedly missing among Lorraine Beyer's belongings and chose not to disclose he had the badge in his possession.

## PROCEDURAL HISTORY

Plaintiff's Attorney filed a Complaint for Writ of Replevin on January 14, 2019. Defendant filed an answer on February 22, 2019. A pretrial conference was scheduled for April 4, 2019. A joint pre-trial worksheet was filed by the parties on March 27, 2019. A pre-trial conference was held via phone by Commissioner Bucklin on April 4, 2019. On May 21, 2019, Defendant filed a

---

[2] See Defendant's Exhibits D and E.
[3] See Plaintiff's Exhibit A.

Motion for Summary Judgment. Commissioner Bucklin denied the Motion for Summary Judgment on October 24, 2019. Plaintiff requested a trial date to be scheduled on October 29, 2020.

## DISCUSSION

Plaintiff alleges two causes of action: count one a Writ of Replevin and count two Conversion. Plaintiff has the burden of proving the elements of the underlying actions by a preponderance of evidence. "Proof by preponderance of the evidence means proof that something is more likely than not."[4] Therefore, "the side on which the greater weight of the evidence is found is the side on which the preponderance of the evidence exists."[5] The parties are in dispute over who is the rightful owner of the Deputy Sheriff's badge. Plaintiff alleges he has held possession of the badge for the last 50 years. However, Defendant was gifted the badge for his twenty-fifth birthday in 2011 and has held the badge in his exclusive possession since that time.

**Writ of Replevin**

The first issue pending before the Court is whether Plaintiff is entitled to a Writ of Replevin. It is Plaintiff's position that Defendant is not the rightful owner of the Deputy Sheriff's badge. Defendant contends he was gifted the badge for his twenty-fifth birthday, making him the rightful owner of the badge.

Replevin is primarily a form of action for the recovery of possession of personal property which has been taken or withheld from the owner unlawfully.[6] "While the right asserted in replevin is on its face a right to possession, nevertheless, it has become over the years a useful method to

---

[4] *Narayan v. Sutherland Global Holdings, Inc.*, 2016 WL 3682617, at *8 (Del. Ch. July 5, 2016) (internal citations omitted).
[5] *Trumbo v. LST Investments*, 2015 WL 8200712, at * 3 (Del. Com. Pl. Dec. 7, 2015) (internal citations omitted).
[6] *Harlan and Hollingworth Corp. v. McBride*, 69 A.2d 9, 11 (Del. 1949).

4

determine the title to goods and chattels."[7] Replevin is considered an appropriate form of action when determining which of two parties is the owner. The property in question is a Deputy Sheriff's badge belonging to Plaintiff's great-grandfather. The question of who the badge rightfully belongs to is in dispute.

The Court does not find that Plaintiff has met his burden of proof in showing ownership and/or possession of his great-grandfather's Deputy Sheriff's badge. Plaintiff's mother, Ms. Beyer was in possession of the badge throughout her lifetime. Ms. Beyer then gave the badge to Defendant for his twenty-fifth birthday. The Court believes Ms. Beyer was in lawful possession of the badge at the time she gifted the badge to her nephew. Defendant has been in physical possession of the badge for ten years. Plaintiff's only evidence the badge belongs to him stems from two conversations. The first being between himself and his grandmother when he was under ten years old. The second being between himself and his mother when he was home visiting from college. Plaintiff told his mother that his grandmother informed him he could have the badge when she passed away. There are no witnesses to these conversations or writings to corroborate them.

Defendant argued there were only two ways in which the badge could belong to Plaintiff. The first being an inter-vivos gift and the second being a gift causa mortis. Both require an element of possession. Plaintiff has never held possession of the badge therefore both theories fail.

At trial, Plaintiff alleged an inter-vivos trust had been created with Ms. Beyer acting as the trustee. This argument holds no weight as there was no delivery of the badge to Plaintiff from his mother. Plaintiff allegedly told his mother that she could hold onto the badge throughout her lifetime. There is evidence Plaintiff's grandmother, mother, and Defendant have had possession

---

[7] *In re Markel*, 254 A.2d 236, 239 (Del. 1969).

of the badge. There is no evidence that points to Plaintiff ever having sole possession of the badge. Further, Plaintiff could not describe the badge at trial nor was he aware of the writing on back of the badge. The writing on the badge is as follows: "to my daughter from R.E. Kaltenmeier." Plaintiff operated for decades under the mistaken belief the badge belongs to him

Regarding the two wills Defendant introduced into evidence, neither mention the badge. Ms. Schnurr's will was drafted in 1983, almost ten years after the initial conversation between Plaintiff and his grandmother. The badge is not referenced in Ms. Schnurr's will. Further, Ms. Beyer's will was drafted in 2013. Ms. Beyer's will does not mention the badge. An individual's last will and testament revokes all prior bequeaths that may have been made.

The Court concludes, based on the testimony and evidence in the record that Plaintiff is not entitled to possession regarding the Deputy Sheriff's badge.

**Conversion**

The second issue pending before the Court is one for Conversion. Plaintiff argues Defendant has refused to return the badge to him.

Delaware Courts have found Conversion is the "act of dominion wrongfully exerted over the property of another, in denial of his right, or inconsistent with it. Before bringing an action for conversion, a plaintiff must demonstrate that it made a demand that the property be returned, and the defendant refused the demand. This requirement is excused, however, when the alleged

6

wrongful act amounts to a denial of the rights of the real owner."[8] Further, "a conversion may be alleged either in proper general terms or by setting out specific facts that clearly establish it."[9]

Plaintiff argues Defendant lied about knowing where the badge was when it was brought up following his mother's funeral. At the time, Defendant knew the whereabouts of the badge but believed the location of the badge did not concern Plaintiff as it was given to him by his grandmother.

Defendant never wrongfully took the badge from Plaintiff. Plaintiff's mother was in possession of the badge at the time she gifted the badge to Defendant for his twenty-fifth birthday. Defendant was never aware of the existence of the badge up until that time. Further, Defendant did not know that Plaintiff believed he was still entitled to the badge. Defendant never heard any of his family members discuss the badge until Ms. Beyer passed away. Defendant has had possession of the badge for ten years whereas Plaintiff has never held exclusive possession of the badge. A claim for conversion is not appropriate in this action.

The Court concludes Defendant never wrongfully withheld the badge from Plaintiff. Defendant was in rightful possession of the badge at the time Plaintiff asked about the location of the badge.

---

[8] *Triton Const. Co., Inc. v. E. Shore Elec. Servs., Inc.*, 2009 WL 1387115 (Del. Ch. May 18, 2009), aff'd, 988 A.2d 938 (Del. 2010) (quoting *Drug, Inc. v. Hunt*, 35 Del. 339, 354 (Del. 1933)).
[9] *Drug, Inc. v. Hunt*, 35 Del. 339, 355 (Del. 1933).

## CONCLUSION

For the reasons set forth in this Opinion, **IT IS SO ORDERED** this 18th day of October 2021 the Court finds, by a preponderance of evidence that Plaintiff is not entitled to possession of the Deputy Sheriff's badge. Defendant does not have an obligation to turn the badge over to Plaintiff. The Court finds in favor of the Defendant.

The Honorable Rae M. Mims
Judge

Cc:   Shelly Swafford, Judicial Case Manager Supervisor