# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                                  |     |                          |
|----------------------------------|-----|--------------------------|
| HARLEY-DAVIDSON CREDIT CORP.     | )   |                          |
|                                  | )   |                          |
| Plaintiff,                       | )   |                          |
|                                  | )   |                          |
| v.                               | )   | C.A. No. N23C-03-289 SPL |
|                                  | )   |                          |
| JERMAINE GOINS,                  | )   |                          |
|                                  | )   |                          |
| Defendant.                       | )   |                          |

Submitted: September 8, 2023
Decided: October 2, 2023

*Upon Harley-Davidson Credit Corp.'s Motion for a Writ of Replevin,*
**GRANTED**.[1]

## ORDER

This 27th day of September 2023, upon consideration of Plaintiff Harley-Davidson Credit Corp.'s ("Harley-Davidson") Motion for a Writ of Replevin,[2] Defendant Jermaine Goins' response at the August 23, 2023, hearing,[3] and Harley-Davidson's supplemental letter, it appears to the Court that:

---

[1] The Court grants Harley-Davidson's request to take possession of the identified motorcycle. The Court, as explained in more detail below, declines to impose the alternate remedy proposed by Harley-Davidson – judgment in the amount of the defaulted loan.

[2] D.I. 1. Harley-Davidson filed a "Complaint in Replevin" ("Complaint") and a "Motion for Writ of Replevin" ("Motion"). Both are docketed at D.I. 1. This Order addresses Harley-Davidson's Motion for Writ of Replevin only.

[3] D.I. 16.

1. On March 30, 2023, Harley-Davidson filed a complaint seeking: (1) possession of the vehicle, and (2) judgment in the amount of the note ($17,525.22), together with interest and late charges from September 22, 2020, reasonable attorneys' fees, and costs.[4] At the same time, Harley-Davidson filed a Motion for Writ of Replevin.[5] The proposed Order accompanying the Complaint and the Motion provides for both replevin and judgment in the amount of the loan Goins has allegedly defaulted upon.[6]

2. On May 2, 2023, the Court entered an order scheduling a hearing "to determine whether or not the relief sought in the attached Motion should be granted."[7] The Motion sought "the orderly replevin" of a "2008 Harley-Davidson FLHTCUSE3 Screamin' Eagle, Identification No. 1HD1PR8118Y950185."[8] On August 23, 2023, the Court heard the Motion.[9]

3. During the August 23, 2023, hearing, the Court, based upon the proposed form of order submitted by Harley-Davidson, inquired whether, in adjudicating a Motion for Replevin, it could order both the replevin of the identified

---

[4] Complaint at ¶¶ 5, 7.

[5] D.I. 1 ("Motion").

[6] D.I. 1 ("Proposed Order").

[7] D.I. 5.

[8] D.I. 1 ("Motion").

[9] D.I. 16.

motorcycle *and* the sum of Goins default. The Court permitted plaintiff's counsel and Goins to address this inquiry in writing. On September 8, 2023, counsel for Harley-Davidson offered its position;[10] Goins did not. At the time of the hearing, Goins was a pretrial detainee in the custody of the Department of Correction. He informed the Court that he did not know the location of the motorcycle and that it likely was no longer at his residence.

4.      In Harley-Davidson's September 8, 2023, submission, it asserted that it has a right to the immediate possession of the vehicle but, based on Goins' representation, it cannot recover the vehicle. Relying on *Harlan & Hollingsworth Corp. v. McBride*,[11] Harley-Davidson contends the Court may (and should) issue a "judgment in the amount [of] Seventeen Thousand Five Hundred Twenty-five dollars and Twenty-two cents ($17,525.22) together with interest and late charges from September 22, 2020 plus reasonable attorneys fees and costs."[12]

5.      As an initial matter, the present location of the identified motorcycle is unclear. Goins assumed that, following his incarceration, the motorcycle was moved, and he has no present ability to determine its whereabouts. He did not oppose Harley-Davidson's recovery of the vehicle. The Court concludes that some

---

[10] D.I. 17 ("Letter Resp.").

[11] 69 A.2d 9, 11 (Del. 1949).

[12] Letter Resp.

effort beyond Goins' speculation must be made to ascertain the existence (or nonexistence) of the vehicle.

6.     And the Court disagrees with Harley-Davidson's reading of the *Harlan & Hollingsworth, Corp.* decision.  That decision, citing Woolley's Delaware Practice, explains that replevin is "a form of action for the recovery of the possession of personal property which has been taken or withheld from the owner unlawfully," and that "[a] secondary object of the action may . . . be for the recovery of a sum of money equivalent to the value of the property claimed if the defendant cannot or will not surrender possession."[13]  While it may be that Goins cannot surrender possession of the vehicle, the $17,525.22 sought by Harley-Davidson represents the amount of the loan Goins has failed to pay, not a "sum of money equivalent to the value of the" motorcycle.   Harley-Davidson has protected its interest in recovering on the defaulted loan by including the second claim in its complaint.  However, that second claim is not, nor can it be, summarily granted as part of Harley-Davidson's Motion for a Writ of Replevin.

7.     As this Court has noted, "[r]eplevin actions are *In Rem* actions used 'for the purpose of obtaining possession of the specific property rather than

---

[13] *Harlan & Hollingsworth Corp.,* 69 A.2d at 11 (cleaned up).

compensation in damages for its loss.'"[14]  In *Falciani*, because "there [was] no property to return, Plaintiff [could] not maintain an action for replevin."[15]  There, as here, the moving party made no proffer as to the sum of money equivalent to the value of the property claimed.

8.  Harley-Davidson has established, and Goins does not contest, that it is entitled to exclusive possession of the 2008 Harley-Davidson FLHTCUSE3 Screamin' Eagle, Identification No. 1HD1PR8118Y950185 based on Goins' default. Goins, his representatives, agents, servants, or employees shall fully cooperate with Harley-Davidson and its representatives to facilitate the orderly replevin of the 2008 Harley-Davidson FLHTCUSE3 Screamin' Eagle, Identification No. 1HD1PR8118Y950185.

9.  Harley-Davidson's alternative request for relief, "judgment in the amount [of] Seventeen Thousand Five Hundred Twenty-five dollars and Twenty-two cents ($17,525.22) together with interest and late charges from September 22, 2020 plus reasonable attorneys fees and costs" may not be granted on a Motion for a Writ of Replevin.

10.  If Goins wishes to defend against Harley-Davidson's second claim,

---

[14] *Falciani v. Zinszer*, 2018 WL 3654903, at \*2 (Del. Super. Ct. July 31, 2018) (quoting *Clark v. Adair*, 1840 WL 371, at \*3 (Del. June 1, 1840)).

[15] *Id.*

seeking to recover for Goins' default on the negotiated loan, he must file an answer within 30 days of this Order. Failure to answer may result in the issuance of a default judgment in favor of Harley-Davidson upon Harley-Davidson's application.

**IT IS SO ORDERED.**

Sean P. Lugg, Judge

oc: Prothonotary
Cc: Counsel of Record *via* File & ServeXpress
Jermaine Goins